# Finnem *v.* State.

*Indictment for Cock Fighting.*

1. *Cock fighting; public place.*—The assembling of 75 or 100 persons in a thick woods, a half mile from a public highway or other public place, for the purpose of fighting cocks, makes such place a public place, within the prohibition of the statute (Acts, 1890-91, p. 1158), against fighting cocks in a public place.

APPEAL from the County Court of Bibb.
Tried before the Hon. N. H. THOMPSON.

[Finnem v. The State.]

The appellant was indicted, tried and convicted for engaging in the sport of fighting cocks in a public place.

The testimony for the State was that within twelve months before the finding of the indictment, in Bibb county, near the town of Blocton, in an old field about one-fourth or one-half mile from the public road, the defendant, with others, were engaged in cock fighting; that there were present between 75 and 100 people witnessing the cock fighting; that it was not necessary that people should have an invitation to be present, but any one who wished to could be present, and there were people there from all over the county; that the defendant fought several cocks during the day.

The defendant offered no evidence. The court at the request of the solicitor gave to the jury the following written charges: "If the jury believe the evidence in the case beyond a reasonable doubt, they must find the defendant guilty as charged in the indictment." The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give the following written charges requested by him: (1.) "I charge you that a place in the thick woods one-half mile from any public highway or other public place is not a public place unless made so by meeting at such a place more than one time." (2.) "I charge you that it is no violation of law for seventy-five or one hundred men to meet in the thick woods one-half mile from any public highway or other public place for the purpose of fighting cocks."

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—On the evidence there can be no doubt that the place where the defendant fought cocks was a public place.—*Campbell v. State*, 17 Ala. 369; *Henderson v. State*, 59 Ala. 89; *Windham v. State*, 26 Ala. 69; *Coleman v. State*, 20 Ala. 51.

The evidence being without conflict as to the character of the place and also as to the commission by the defendant of the act denounced by the statute at that place, and as to time and venue, the court properly gave the affirmative charge for the State as requested by the solicitor.

[Downey v. The State.]

The charges requested by the defendant proceeded on the idea that the evidence did not show a public place, and were therefore well refused. But aside from this consideration, it cannot be said as matter of law that a place where seventy-five or a hundred men met for the purpose of fighting cocks is not a public place even though it be "in the thick woods one-half mile from any public highway or other public place," which is the proposition embraced in these charges. The place, however secluded in and of itself, is made public by the assemblage there of people in such numbers, and the right of the public generally to assemble there on the occasion for the purpose of engaging in or witnessing cock fighting; and it is wholly immaterial whether there has ever before been any assemblage of people at that place for any purpose.

The judgment of the county court is affirmed.