# Mayor and Aldermen of Talladega *v.* Fitzpatrick.

*Action to recover Fine imposed for Violation of City Ordinance.*

1. *Ordinance of municipality for disturbing religious worship; validity thereof.*—The ordinance of a city which provides that "any person who interrupts or disturbs any congregation or assemblage of people met for religious worship, by noise, profane discourse, rude or indecent behavior," etc., "must, on conviction, be fined not less than one nor more than one hundred dollars," is not in conflict with the statute of the State defining the offense of disturbing an assemblage met for religious worship; but the passage of such ordinance is the valid exercise of the powers conferred upon said city under a charter giving it authority to preserve the peace and good order of the city; nor is such ordinance unreasonable.

2. *Action by city to recover fine imposed by mayor; complaint not demurrable for claiming amount paid.*—Where, on an appeal taken from a conviction before the mayor for the violation of a city ordinance, a complaint is filed by the city, the fact that in such complaint the city claimed the amount of the fine imposed on the defendant by the mayor, does not render it demurrable.

APPEAL from the City Court of Talladega.

Tried before the Hon. G. K. MILLER.

This case originated in the mayor's court of Talladega by the prosecution of the appellee, Wiley Fitzpatrick, for disturbing religious worship under an ordinance of the city of Talladega. The defendant was convicted in the mayor's court and fined $75. He then took an appeal to the city court. In the city court of Talladega, the city in its corporate name filed a complaint in assumpsit against the defendant setting out the ordinance in full and claiming the sum of $75, the amount of the fine imposed upon the defendant.

The other facts of the case are sufficiently stated in the opinion. The city appeals from the judgment sustaining the demurrers of the defendant interposed to the complaint, and assigns the rendition of said judgment as error.

W. T. EDWARDS and J. W. VANDIVER, for appellant, cited 18 Amer. & Eng. Ency. of Law, 750, note 7; *Ex Parte Andrews,* 18 Cal. 768; *Mayor and Ald. of Mobile v. Allaire,* 14 Ala. 400; 5 Amer. & Eng. Ency. of Law, 721; Russell on Crimes (5th Am. ed.), 301; *Van Horn v. Selma,* 79 Ala. 361; *Ex parte Cowert,* 92 Ala. 94; *Ex parte Marshall,* 64 Ala. 266; *Ex part Sikes,* 102 Ala. 173; *Salter's case,* 99 Ala. 207; *Mayor v. Rouse,* 8 Ala. 515; *State v. Estabrook,* 6 Ala. 653; 1 Brick. Dig. 407, § 85.

WHITSON & GRAHAM, *contra.*—The ordinance conflicts with the State statute in its very essence since it is impossible to conceive of a person being guilty under the State statute, unless the act which disturbs the assembly is the product of the will.

No special power is conferred upon the city of Talladega to enact an ordinance on the same subject, and for the identical offence covered by the State law, materially different and variant, from the general law of the State. Hence, the authorities which hold that where a special power is given in the charter to impose a license upon a business is valid and not in conflict with the above cited section of the constitution, although the State does not impose any license on such business or occupation have no application.—*Anniston v. Southern R'y. Co.,* 112 Ala. 557.

"Unless it is otherwise clearly provided in the charter or by some statute of the State," in case of conflict between the general laws of the State and ordinance of the municipal corporation, the ordinance is void—1 Dillon on Mun. Corporations, §§ 367, 330, 317; 17 Am. & Eng. Ency. Law, p. 248, and notes.

"An ordinance which is repugnant either to the constitution or general laws is *ipso facto* void.—17 Am. &

Eng. Ency. Law, (1st ed.), p. 251, note 2; *State v. Burns,* 45 La. Ann. p. 34; *Same case,* 11 So. Rep. 8, 887.

HARALSON, J.—The ordinance of the city under which the defendant was arrested, tried and convicted, reads: "Any person who interrupts or disturbs any congregation or assemblage of people met for religious worship, by noise, profane discourse, rude or indecent behavior, or any other act at or near such place of worship, must, on conviction, be fined not less than one nor more than one hundred dollars." This is a transcript of the statute on the subject making it an offense against the State, to disturb religious worship, except as to the penalty imposed and that the word, "willfully," is omitted in the ordinance before the word "interrupts."

The affidavit on which defendant was arrested, and the complaint in the city court, on appeal by the defendant from his conviction by the mayor, charged the offense in the language of the ordinance,—"that said defendant, on, to-wit, the 28th day of July, 1901, did interrupt or disturb a congregation or assemblage of people, met for religious worship in the city of Talladega, at the Peace Baptist Church in said city, by noise, profane discourse, rude or indecent behavior, in violation of said ordinance," etc.

The defendant demurred to the complaint, on grounds, substantially, that this ordinance was in conflict with the statute of the State, defining the offense of disturbing an assemblage met for religious worship, in this, that the act of disturbance, under the ordinance, need not be willful or intentional, to constitute a violation thereof; that it was not averred, that the defendant did willfully interrupt or disturb the congregation; and that the ordinance was unreasonable, in that any act however innocently or unintentionally done, which interrupts or disturbs such a congregation, is a violation of the ordinance. The court sustained the demurrer, and the city appeals.

The charter of the city bestows on the mayor and aldermen the power to preserve the peace and good order of the city (section 5); and to make and adopt by-laws and ordinances, upon whatever subject, not inconsistent

with the laws of the State, for the good government and order of the city, and such as shall be needful for the government, police interest, welfare and good order of the city (section 18).—Acts, 1900-1901, p. 1557.

It was competent for the general assembly to delegate such power to the municipality, which, when enacted into an ordinance, had the force, as to persons bound thereby, of a statute passed by the legislature itself.—*Moses v. Mayor*, 52 Ala. 207. The power to enact such ordinances was bestowed, not to punish for an offense against the public justice of the State, but to provide a police regulation for the enforcement of good order and quiet within the limits of the corporation. It was altogether immaterial, in bestowing this power on the city, whether the State had created this offense against its own laws or not. The offense against the corporation and the State are distinguishable, the one intended for the peace and good order of the city, and the other, for the maintenance of good government and the dignity of the State.—*Mayor v. Allaire*, 14 Ala. 400; *City Council v. M. & W. P. R. Co.*, 31 Ala. 83. If no statute had ever been enacted by the State, to punish persons for disturbing religious worship, it would have been perfectly competent for the legislature to confer the power on the city to adopt such an ordinance as a police regulation.—*City of Anniston v. So. R. Co.*, 112 Ala. 558; *Holt v. Mayor*, 111 Ala. 369.

At common law any disturbance of a lawful assembly of people met for religious purposes is indictable.—5 Am. & Eng. Ency. Law (1st ed.), 721. The statute in this State on the subject does not abrogate the offense at common law. Mr. Bishop treating the subject, defines disturbance "to be any conduct which, being contrary to the usages of the particular sort of meeting and class of persons assembled, interferes with its due progress and services, or is annoying to the congregation in whole, or in part."—2 Bish. Cr. Law, § 309. The act must have been pursuant to design, and not done through mere accident or mistake.—*Ib.* § 308.

Our later adjudications, in construing the State statute on the subject (Code, § 4654), establish, "that a pur-

pose and intent to disturb is not a necessary factor in the crime, but on the contrary, that any *act,* which is within the terms of the statute, the natural consequence of which is to disturb, and which is willfully done, and which in fact does disturb an assembly of people, met for religious worship, comes under the denunciation of the law, though the actor may have had no intent to disturb the assembly."—*Salter v. State,* 99 Ala. 207, and authorities there cited.

When properly construed, therefore, it is seen, that the statute and ordinance of the city mean the same thing, in substance and legal effect.

The ordinance is not unreasonable. Under it no one could be convicted for any act innocently done by mistake or accident, the natural consequence of which was not to interrupt or disturb the assembly. What would be a disturbance under the ordinance, is a question for the jury, under proper instructions from the court.

That part of the complaint which claims $75, the amount of the fine imposed on the defendant by the mayor, was unnecessary and mere surplusage. It might have been stricken, but did not render the complaint demurrable.

Reversed and remanded.