[Dennis v. The State.] .

# Dennis *v.* The State.

## Indictment for Gaming.

1. *Indictment for gaming; admissibility of evidence.*—On a trial under an indictment for gaming, there was evidence introduced on the part of the State tending to show that the defendant and a party of negroes played a game with dice known as "throwing craps" in April, 1903, near the "Davis Place" and about twenty feet from the State's lands, outside the fence on the edge of a swamp on the Davis place, near

the house of W. W. Goff. One witness for the State testified that he was "shooting craps with the defendant on the lands of the State in a corner of the fence" about fifty yards from Mr. Goff's house. That the playing was in May or June, 1903, and that he and the others who engaged in the game were arrested. *Held*: The testimony of the last witness referred to was not subject to be excluded on defendant's motion on the ground that it was irrelevant and immaterial and that the game of craps referred to by said witness was played at a different time and at a different place from the one which the State had elected to prosecute the defendant for.

2. *Gaming; public place.*—A place where people have resorted for a number of years for the purpose of playing craps with dice, and which by reason of its being so often frequented is known as "the old crap ground," is a public place within the meaning of the statute prohibiting the playing of a game of cards or dice in a public place.

3. *Indictment for gaming; argument of counsel to the jury.*—On a trial under an indictment for gaming, where the evidence shows that the defendant was playing at a game with dice known as "shooting craps" in his argument to the jury the solicitor for the State said: "You gentlemen know the evils attendant on these crap games—a crowd of negroes with a bottle of whiskey and a pistol in their pocket get together to gamble, and you know what crimes grow out of these meetings." *Held*: Such statement of the solicitor did not transcend the limits of legitimate argument.

APPEAL from the County Court of Elmore.

Tried before the Hon. H. J. LANCASTER.

The appellant in this case, Henry Dennis, was indicted, tried and convicted for playing a game of cards or dice in a public place. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court, among other things, gave the following instructions to the jury: (1.) "Gentlemen of the jury, I charge you that in order to convict this defendant, you must first believe that the defendant was gaming, as charged in the complaint; 2nd, that the place where the gaming occurred must have been a public place. That the evidence in this case shows that the place was not a public place, *per se,* and that, therefore, in order for it to have become

public in the sense in which the statute contemplates such a place, it must have become public by usage and by being used for so long a period of time, and so frequently by persons engaged in shooting craps that it was recognized by the community generally as a place of resort for that purpose. In reaching this conclusion, you may consider the testimony of Allen Robinson as to the frequency of the game played, and the number of persons engaged in such games—whether or not by the lapse of time and the frequency of these games, the place had become a public place, recognized as such by the community. If you believe from the evidence of Allen Robinson, and the other witnesses for the State, that parties were in the habit of frequenting this place for a period of time and often enough to give the place the stamp of a resort, and that at the time charged the defendant was present and played at a game of craps, if you should believe this beyond a resonable doubt, you will find the defendant guilty." (2.) "In ascertaining whether the place where defendant is charged to have played craps, is a public place or not, you may consider the question of the proximity of the State's lands. These lands are shown to have been at this time used as a convict camp by the State of Alabama, and you may consider, taking all the other evidence in the case, whether or not the proximity of the 'Davis Place,' where defendant is shown to have played, to the State's lands—lands belonging to the State,—constituted this place—the Davis place—a public place." The defendant separately excepted to each of these portions of the court's general charge to the jury, and also excepted to the court's refusal to give the following charge requested by him: "If the jury believe the evidence, they must find the defendant not guilty.".

LULL & TATE, for appellant.—The place where the defendant is said to have played is not a public place within the meaning of the statute.—Code, § 4792; *Windham v. State,* 26 Ala. 69; *Brown v. State,* 27 Ala. 47; *Sweeney v. State,* 28 Ala. 47; *Hoffman v. State,* 28 Ala. 48; *Pickens v. State,* 100 Ala. 127.

The court erred in admitting the evidence of the wit-

ness Robinson.—*Wickard v. State,* 109 Ala. 45; *Smith v. State,* 52 Ala. 384.

It was error for the court not to exclude the statement of the solicitor for the State on motion of the defendant. *Dollar v. State,* 99 Ala. 236; *Coleman v. State,* 87 Ala. 14; *Lane v. State,* 85 Ala. 11; *Anderson v. State,* 104 Ala. 83; *Dunmore v. State,* 115 Ala. 69.

MASSEY WILSON, Attorney-General for the State. The testimony of the witness Robinson was properly admitted. He testified that he was with defendant and others when they were arrested on the occasion in question, but differed with the other witness as to the time and place of the gaming. The evidence, therefore, presented no case for an election,—all the witnesses testifying to one and the same offense.—*Smith v. State,* 52 Ala. 384; *Sullivan v. State,* 68 Ala. 524, 529; *Black v. State,* 83 Ala. 81.

The charge of the court to which the defendant excepted was proper.—*Finnen v. State,* 115 Ala. 106; *Coleman v. State,* 20 Ala. 51.

The argument of the solicitor to which the defendant objected was not improper.—*Downey v. State,* 115 Ala. 108; *McNeill v. State,* 102 Ala. 121, 127.

HARALSON, J.—The defendant was proceeded against under section 4792 of the Code, for playing a game of cards or dice in a public place.

The evidence on the part of the State tended to show that defendant and a party of negroes in April, 1903, were engaged in playing with dice in a game of "throwing craps," near the "Davis place," about twenty feet from the State lands, outside the fence on the edge of a swamp of the Davis place; near the house of W. W. Goff, who was a guard of convicts confined at Speigners; that Andrew Thompson and Allen Robinson were of the party playing, and that the parties engaged in the playing were arrested on the spot.

The evidence of all the witnesses for the State, except that of Allen Robinson, was to the effect that the game

was played in the month of April, 1903. Allen Robinson testified, that he was shooting craps with the defendant, and that he and the others engaged in the game were arrested; that the game was played on the lands of the State in the corner of the fence about fifty yards from Mr. Goff's house, and that the playing was in May or June, 1903. He also testified, that he had played craps on the State's place in this same fence corner, off and on for four or five years, and that the place was known as "the old crap ground." The defendant moved to exclude Robinson's testimony, on the ground that it was irrelevant and immaterial, and that the game of craps referred to by him, was being played upon the lands of the State, in a fence corner, and in the month of May or June, 1903, and the State had elected to base the prosecution upon a game played on what was known as the Davis place, occurring in the month of April, 1903, which motion was overruled. Evidence was wanting to show, that the playing took place on the Davis place. The nearest approach to it was, that Goff swore, that the game was played "about twenty steps distant from the State lands outside of the fence on the edge of a swamp of the Davis place." This does not mean that it occurred on the Davis place, but outside of its fence of that place and on the edge of a swamp.

The evidence was not irrelevant to show that the game the witness Robinson was testifying about, was the same game the other State's witnesses deposed to as occurring in April, 1903. Robinson identified the game in which he played with defendant as being the one the other witnesses deposed to as occurring in April; the only material difference of the witnesses being, that he states that it occurred in May or June, and the others, that it occurred in April. He did not testify that he had never played in any other game in which defendant participated, at any other time or place. This difference in the testimony of the witness, Robinson, from the others, was easily reconcilable with their evidence, on the score of a mistake on the part of Robinson, which was a matter properly determinable by the jury. To that end, it was certainly not subject to the objections raised against it.

8

[Dennis v. The State.]

The evidence of the witness, Robinson, tended to prove the character of the place, as one to which the people resorted to play craps. He stated that he had played craps in this same fence corner, off and on, for four or five years, and the place was known as "the old crap ground," and this was sufficient evidence on which to find that the place was a public one.—*Finnem v. State,* 115 Ala. 106.

There was no error of which the defendant can complain in the portions of the oral charge of the court excepted to by him, nor was there error in refusing the general charge requested by him.

In the course of his speech to the jury, the solicitor said: "You gentlemen know the evils attendant upon these crap games,—a crowd of negroes with a bottle of whiskey in one pocket and a pistol in the other, get together to gamble, and you know what crimes grow out of these meetings." The defendant objected to this language, and moved to exclude it from the jury. The court overruled the objection and motion, and defendant excepted.

The correct rule in this respect, is stated in *Cross v. The State,* 68 Ala. 484, where it was said, quoting from the case of *Brown v. Swineford,* 44 Wis. 282, "it is sufficient to reverse a judgment, for counsel, against objection, to state facts pertinent to the issue, and not in evidence, or to assume, *arguendo,* such facts to be in the case when they are not." This court added: "We would not embarrass free discussion, or regard the many hasty or exaggerated statements counsel often make in the heat of debate, which can not, and are not expected to become, factors in the formation of the verdict. Such statements are usually valued at their true worth, and have no tendency to mislead. It is only where the statement is of a substantive, outside fact—stated as a fact—and which manifestly bears on a material inquiry before the jury, that the court can interfere, and arrest discussion."

In this instance the solicitor did not state as a fact in the case, that there was a bottle of whiskey or a pistol in

the pocket of any one that played, but he was merely using what he said as to this matter, as an an illustration of the evils that may grow out of gambling, and urging this as an argument in favor of suppressing the habit. The court committed no error in overruling the motion to exclude the language excepted to.

Affirmed.

