# Winston *v.* The State.

*Gaming.*

[DECIDED MAY 10, 1906, 41 So. REP. 174.]

1. *Gaming; Public Place; Use of Building.*—A boarding 'house is not an inn, and not, *per se*, a public place; and a building formerly used as a boarding house, but, at and before. the time of the playing, used as a residence or lodging house was not a public place within the meaning of § 4792, Code 1896.

2. *Same; Proof of Other Games.*—Such a building not being, *per se*, a public place within the purview of the statute, it was proper to permit the state to show that it was made so by proof of other games played there at other times.

3 *Criminal Law; Evidence; Questions.*—If the answers to questions are definite and certain, it is immaterial that the questions are vague and uncertain.

4 *Same; Prosecution by Affidavit; Election.*—The state is not bound to elect to prosecute for the game had in mind by the prosecutor when he made the affidavit.

APPEAL from Walker Law and Equity court.

Heard before Hon. PEYTON NORVELL.

The indictment charged gaming in a public place. The facts are sufficiently set out in the opinion of the court.

RAY, LEITH and SHEPHARD, for appellant.—When one is prosecuted for betting at a game under sections 4792, unless the place is one of the places that are public *per se*, the burden is on the state to show the place to be a public one before the state is entitled to a conviction.—132 Ala. 17; Ib. 20; 130 Ala. 109; 136 Ala. 31; 111 Ala. 58; 55 Ala. 160; 87 Ala. 105; Ib. 27; 96 Ala. 98; 105 Ala. 130; 100 Ala. 127. The evidence in this case shows that the playing was done at a place which had been prior thereto a boarding house but which before the playing had become a private residence. It matters not for how short a time it had become a private residence before the playing, if it had become so, it was not one of the prohibited places. While it is true that there was evidence of some other games having been played there,

the evidenc as a whole is not sufficient to warrant a conviction.—132 Ala. 17; Ib. 20; 139 Ala. 109.

The court erred in permitting the witnesses Butler and Jackson to testify that they had seen crowds playing there quite a number of times. The defendant contends that the court should have limited the evidence to the playing of the game in the mind of the party who made the affidavit at the time he swore out the same.

MASSEY WILSON, Attorney-General for State.

ANDERSON, J.—This defendant was tried and convicted under an affidavit charging him with gaming at a public place, under section 4792 of the Code of 1896.

The evidence showed that the building was at one time a boarding house, but that it had ceased to be used as such previous to the playing, and that at the time of the playing it was used as a private residence or lodging house. The place was not one of the places named in the statute, either when the game was played or previous thereto. A boarding house is not an inn, and is not *per se*, a public place.—*Foster v. State*, 84 Ala. 51. 4 South. 833. It was therefore encumbent upon the state to show that the place was a public one, and proof of other games was proper for this purpose.—*Dennis v. State*, 139 Ala. 109, 35 South. 651; *Lee v. State*, 136 Ala. 31, 33 South. 894.

If the question to the witness as to other games was vague and indefinite the answer made the games sufficiently definite: "I have seen them playing there several times during this year, before this time I have spoken about." The game spoken about was played about March 1st, so the several other games were within a period of two months. The trial court committed no error with reference to this evidence.

Since this case was tried upon an affidavit, there is no merit in the point made by defendant that the state was bound to elect the game the witness had in mind when he made the affidavit.—*Sullivan v. State*, 68 Ala. 525.

The judgment of the lower court is affirmed.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.