[Little v. City of Attalla.]

# Little *v.* City of Attalla.

## *Violating Municipal Ordinance.*

(Decided April 16, 1912.   58 South. 949.)

1. *Municipal Corporations; Ordinances; Partial Invalidity.*—Where the good and bad provisions of an ordinance are separable, the fact that a part of the ordinance is invalid will not affect the validity of the balance of the ordinance.

2. *Same.*—The fact that a city ordinance covers matters which the city has no power over, does not affect its enforcement as to matters included, which are within the powers of the city.

3. *Same.*—Where a city ordinance is partly valid and partly invalid, one who assails its validity must show himself to be affected by the invalid provision.

4. *Same; Gaming.*—Section 1291, Code 1907, confers powers upon cities to prohibit gaming, and it was immaterial to the validity of an ordinance prohibiting gaming that the state had not created that offense against its own laws.

5. *Same; Scope and Validity.*—Where a city ordinance prohibited gaming or gambling, and provided a fine of not less than $5 nor more than $50 for a conviction of such an offense, such ordinance was valid under the delegated powers of the city in so far as it prohibited the playing of cards for money, and a defendant was properly convicted under a complaint charging him with betting money at a game played with cards, dice, etc., although the ordinance might be objectionable in so far as it applied to other forms of gaming not prohibited by the general laws of the state.

6. *Same; Complaint.*—Where a complaint for gambling set out the ordinance in full and charged the defendant with betting money, or other things of value on a game played with cards, dice, etc., it was sufficiently definite to apprise the defendant of the nature and cause of the accusation, and was sufficient.

7. *Same; Ordinances; Proof.*—Where the ordinance was identified by the city clerk by number and otherwise, and his testimony showed that the book in which it appeared was the regular ordinance book of the municipality, it was properly admitted in evidence under section 1220, Code 1907.

APPEAL from Gadsden City Court.

Heard before Hon. JAMES A. BILBRO.

W. B. Little was convicted of violating an ordinance of the city of Attalla, prohibiting gaming, and he appeals.   Affirmed.

BOYKIN & BAILEY, for appellant. The ordinance was invalid as being beyond the power of the municipality. —*Mayer v. Stonewall I. Co.,* 53 Ala. 570; *Mayor v. Wetumpka Wharf Co.,* 63 Ala. 611; *Dunn v. Wilcov County,* 85 Ala. 144; Section 89, Constitution 1901; Black on Interpretation of Laws, 313; 108 U. S. 110. Ordinances must be in consonance with the general principles of the common law of the State.—*Huntsville v Phelps,* 27 Ala. 55; *Ex parte Burnett,* 30 Ala. 461; *Hulet v. Camp,* 115 Ala. 499; 54 Tex. 388. The ordinance here is not such an ordinance.—28 Cyc. 351. The court erred in permitting the ordinance to be introduced.—*Krelhaus v. City of Birmingham,* 164 Ala. 623.

ALTO V. LEE, for appellee. The ordinance was within the powers of the city.—Sections 1251, 1276, 1291 and 1347, Code 1907. As to the rule of construction of ordinances, and that this ordinance was entirely invalid, see —*Orme v. Tuscumbia,* 150 Ala. 522; *Mayor v. Allaire,* 14 Ala. 402. An ordinance containing valid and invalid portions which are separable is not invalid entirely.—*Ex parte Florence in re Jones,* 78 Ala. 425; *Sheldon v. Mobile,* 30 Ala. 540; *Mayor v. Allaire, supra; Talladega v. Fitzpatrick,* 33 Ala. 616. If the power is conferred by the legislature upon the city to adopt an ordinance, the ordinance is valid although the State has made no general law upon the subject.—*Talladega v. Fitzpatrick, supra; Anniston v. So. Ry Co.,* 112 Ala. 558; *Holt v. Mayor,* 111 Ala. 369; *Bray v. The State,* 140 Ala. 182. The ordinance was properly admitted in evidence.—Section 1259, Code 1907.

PELHAM, J.—The appellant was prosecuted in the mayor's court of the city of Attalla for gambling in violation of an ordinance of the city, was convicted, and appealed to the city court of Gadsden, where the case

was tried *de novo* and an appeal prosecuted to this court. The city filed a complaint in the proceedings had in the city court of Gadsden against the defendant, setting out the ordinance in *haec verba,* and averring a violation thereof by the defendant, charging him with betting money or other things of value upon a game played with cards, etc. The ordinance in question is as follows: "Be it ordained by the mayor and board of aldermen of the city of Attalla, that any person or persons gaming or gambling shall be guilty of a misdemeanor and on conviction shall be fined not less than five nor more than fifty dollars."

The appellant questions the validity of this ordinance, contending that it is void because inconsistent with and in excess of the general laws of the state, and therefore violative of section 89 of the Constitution of Alabama, prohibiting the legislature from authorizing a municipality to pass laws inconsistent with the general laws of the state. The appellant insists that as the state laws against gaming and gambling are confined to certain games and forms of gambling under specified conditions or circumstances, the city ordinance making it an offense to engage in gaming or gambling, without defining the games and limiting the gambling to conform to the state statutes on the same subject, exceeds the delegated authority conferred on the municipality, and that the ordinance is void because of inconsistency with the state law on the same subject. In other words, it seems to be the principal contention of the appellant that the ordinance is void because it prohibits by its terms all gaming and gambling, while under the state laws there is no prohibition against certain gaming, or engaging in certain games, and that gambling is not prohibited except as applied to designated games or places.

19 CA

Even if it be true that the corporate powers were without authority to prohibit playing such games or acts of gambling not made an offense under the general state laws, and that the ordinance, while valid in part, would be invalid as referable to such matters not made an offense by state laws, still, the defendant having been charged in the complaint and shown by the evidence to be guilty of an offense punishable under the state law (Code of 1907, §§ 6983, 6987), he is not brought within the invalid part of the ordinance or shown to be affected by the provisions that the municipality had no power to regulate by ordinance and punish, conceding that the ordinance embraced such provisions.

"And the law is well settled, not only that an ordinance may be good and bad in parts, when the good provisions are separable from the bad, as in the case of statutes (*Lowndes County v. Hunter,* 49 Ala. 509; *Powell v. State,* 69 Ala. 10; *Ballentyne v. Wickersham,* 75 Ala. 537; Horr & Bemis Mun Ord. § 139; *Wilcox v. Hemming,* 58 Wis. 144, 15 N. W. 435, 46 Am. Rep. 625; *Shelton v. Mobile,* 30 Ala. 540, 68 Am. Dec. 143), but 'that the fact that an ordinance covers matters which the city has no power to control, is no reason why it should not be enforced as to those which it may control'."
—*Ex parte Cowert,* 93 Ala. 94, 97, 9 South. 225. See, also, *Ex parte Bizzell,* 112 Ala. 210, 21 South. 371.

If an ordinance is valid in part and invalid in part, he who assails its validity must show himself to be affected by the provision alleged to be invalid.—*Ex parte Byrd,* 84 Ala. 17, 4 South. 307, 5 Am. St. Rep. 328.

That part of the ordinance against gambling under which the defendant was charged, tried, and convicted cannot be said to be void, and the principle that such valid part of an ordinance may be enforced when the case presented shows the defendant to be within its pro-

visions is recognized and the "doctrine" pronounced "sound" in the case of *Kreulhaus v. Birmingham,* 164 Ala. 623, 627, 51 South. 297, 298 (26 L. R. A. [N. S.] 492), cited and relied upon by appellant. Quoting from the opinion of another case the court in this case says: "The ordinance may be too comprehensive in its provisions, and cover cases which the city has no power to control; but that is no reason why we should refuse to enforce it in cases over which the power of the city is unquestionable." It is also said by McClellan, J., in the opinion of the court in the case of *Ex parte Cowert, supra,* "based on exhaustive investigation and consideration," that the purpose or effect of the constitutional provision inhibiting the Legislature from authorizing a municipality to pass laws inconsistent with the state laws is not to limit the Legislature in conferring police powers on municipal corporations, and by section 1291 of the Code of 1907 such corporations are especially granted authority "to restrain and prohibit gaming," etc.

The Legislature having delegated to the municipality the power to prohibit gaming (Code, § 1291), "it was altogether immaterial, in bestowing this power on the city, whether the State had created this offense against its own laws or not."—*Mayor, etc., of Talladega v. Fitzpatrick,* 133 Ala. 613, 616, 32 South. 252. Even if no statute had been enacted by the state to punish persons for gaming, the municipality in passing a by-law for the enforcement of peace and good order of the city had authority under the delegated power to enact such an ordinance, and an offense against the state and the corporation are distinguishable.—*Mayor, etc., of Talladega v. Fitzpatrick, supra.*

The complaint filed was sufficiently definite to apprise the defendant of the nature and cause of the accusation.

It set out the ordinance in full, and not only averred a violation thereof, but stated the date and acts constituting the breach.—*N. C. & St. L. Ry v. Alabama City,* 134 Ala. 414, 32 South. 731.

The ordinance offered in evidence was properly admitted. It was identified by the city clerk by number, etc., and the clerk testified that the book in which the ordinance appeared was "the regular ordinance book" of the municipality. Code of 1907, § 1220.

No error is shown by the record, and the case will be affirmed.

Affirmed.