# Rogers v. The State.

## Gaming.

(Decided February 2, 1915.   67 South. 781.)

1. *Indictment and Information; Amendment; Form.*—The fact that a complaint for gaming did not designate one of the enumerated places at which gaming is prohibited by section 6984, Code 1907, did not render the complaint so defective as not to be amendable, and the court properly permitted an amendment to obviate that objection.

2. *Same; Verification; Cure.*—Where no objection was taken to a complaint that was amended, on the ground that it was not verified by oath, the court must treat the defect as having been cured by the amendment (Section 6723, Code 1906).

3. *Gaming; Complaint.*—Where the original complaint charged the offense of gaming substantially as prescribed by section 6984, Code 1907, and the complaint filed on appeal to the circuit court in com-

pliance with the requirements of section 6730, charged that defendant bet at a game played with cards, dice, etc., at a place where liquors were sold, or in a public house, highway. etc., it sufficiently charged the offense, so as to put the defendant on notice of the accusation.

4. *Same; Jury Question; Public Place.*—Under the evidence in this case, it was for the jury to determine whether the place was a public place.

5. *Same; Statute.*—Under the statute prohibited gaming at a place where spirituous, vinous or malt liquors are retailed, sold. etc., it must appear that the business of retailing, etc., is conducted, and that there is some business connection between the business of retailing, etc., and the place where the game is played.

6. *Same; Evidence.*—The evidence that some of the persons engaged in gaming with the defendant had a bottle of whiskey, and gave some of it to others, and that these persons fought, and that one of them was injured, was immaterial. and its admission constituted reversible error, in view of the fact that the maximum fine was fixed.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

Dock Rogers was convicted of gaming, and he appeals. Reversed and remanded.

The original affidavit, omitting formal charging part, is that within 12 months before making this affidavit Dock Rogers bet at a game played with cards or dice or some device or substitute for cards or dice. In the county court, after demurrers had been sustained, the court permitted complaint to be amended by inserting in the affidavit the following words:

"In a public place where people resort, or where spirituous, vinous or malt liquors were sold or given away."

When the matter reached the circuit court by appeal the solicitor filed the following complaint:

"Said Dock Rogers bet at a game played with cards or dice, or some device or substitute for card or dice, at a place where spirituous liquors were, at the time, sold, retailed, or given away, or in a public house, highway, or other public place, or at an outhouse where people resort," etc.

[Rogers v. The State.]

The demurrers raise the question that it does not sufficiently describe the place and does not sufficiently allege the offense and charges no offense. The last ground was also made the basis for a motion to quash.

ISBELL & SCOTT, for appellant. Counsel discuss the action of the court in permitting the amendment to the complaint with the insistence that the court's action was erroneous, but they cite no authority in support thereof. They insist that there was error in permitting the introduction in evidence of the fact that liquor was given away on that occasion, and that those who drank it fought.—*Graham v. The State,* 105 Ia. 130.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

BROWN, J.—If it be conceded that the original complaint was wanting in that certainty which is necessary to constitute a formal accusation of crime, and that it was demurrable for failing to designate one of the places enumerated in the statute at which such games are prohibited, as required of indictments in such cases by section 6984 of the Code; still this was an amendable defect, and the purpose of the amendment offered by the solicitor was to obviate the objection raised to the complaint by the defendant's demurrer, which had been sustained, and the amendment was properly allowed.—*Campbell v. State,* 150 Ala. 72, 43 South. 743; *Simpson v. State,* 111 Ala. 6, 20 South. 572; *Wright v. State,* 136 Ala. 139, 34 South. 233; *Holland v. State,* 139 Ala. 120, 35 South. 100. The better practice as to such amendments is to allow the original affidavit to be amended by adding the requisite averments, and require a reverification after the amendment is made.—*Gandy v. State,* 81 Ala. 70, 1 South. 35.

No objection appears to have been made to the complaint as amended on the ground that it was not reverified by oath, and under the curative provisions of section 6723 of the Code, this defect must be treated on appeal as having been cured by amendment.

As amended, the complaint charged the offense substantially as required by section 6984 of the Code, and was not subject to the objections urged against it by defendant's motion to quash and demurrer, both of which the court correctly overruled.—*Holland v. State,* 139 Ala. 123, 35 South. 1009.

Likewise, the complaint filed by the solicitor, on appeal, in the circuit court in compliance with the statute (Code, § 6730) charged the offense with such a degree of certainty as to put the defendant on notice of the nature and cause of the accusation against him, and this is all the law requires.—*Little v. City of Attalla,* 4 Ala. App. 291, 58 South. 949; *Miles v. State,* 94 Ala. 106, 11 South. 403.

There was evidence showing and tending to show that the defendant and five other persons engaged in playing a game with cards near Allen Dwyer's place, 150 yards from the road, one of the witnesses for the state testifying:

"We were playing five-up—we had 10 cents on the corner—there were six of us playing. The man that beat got the 60 cents. * * * I don't know how often we had played there, several times. * * * I have played there lots of times. I don't know as Dock [the defendant] was with us every time we played. Dock was there before this. All the other boys have been there at other times at this identical spot."

The defendant did not deny that he was in the game on the occasion testified to by the state's witnesses, but denied that he had ever played cards at this place before

that time. The only controverted question in the case was whether or not the place was a public place within the meaning of the statute, and this, under the evidence, was properly submitted to the jury.—*Cartiledge v. State,* 132 Ala. 18, 31 South. 553; *Winston v. State,* 145 Ala. 91, 41 South. 174; *Ferrell v. Opelika,* 144 Ala. 135, 39 South. 249; *Coleman v. State,* 20 Ala. 51; *Tolbert v. State,* 87 Ala. 27, 6 South. 284.

To constitute a place a "house or place where spirituous, vinous, or malt liquors are retailed, sold, or given away" within the meaning of the statute, and the averments of the complaint filed by the solicitor on appeal, it must be shown that a business of retailing, selling, or giving away spirituous, vinous, or malt liquors is maintained at the place, and that there is some business connection between the business and the place at which the game is played.—*Phillips v. State,* 51 Ala. 20. The isolated fact that one or more of the parties had a bottle of whisky at the place and drank therefrom and gave to others in a social way does not constitute the place one at which gaming is prohibited by the statute.

The trial court committed reversible error in allowing the solicitor to prove that some of the persons who engaged in the game with the defendant had a bottle of liquor and gave some of it to the others, and also in allowing the evidence going to show that these persons engaged in a fight, and that one of them was injured. The defendant was not on trial for being in any way connected with the unlawful sale or disposition of liquor, or of being a party to an assault on the injured persons, and this evidence was clearly immaterial to any issue in the case. The only possible influence it could have exerted was the wholly illegitimate one of aggravating the punishment of the offense for which the defendant was on trial.—*Henson v. State,* 114 Ala. 25, 22 South. 127.

[Whatley v. The State.]

The jury in assessing the amount of the fine fixed it at the maximum allowed by the statute; and, in view of this fact, we cannot say that the admission of this immaterial evidence was without prejudice to the defendant's rights.

If the place where the game was played was a public place, within the meaning of the statute, the defendant's ignorance of this fact would not exculpate him; it was his duty to know that the place where he engaged in this sport was not one where the law prohibited it. If the defendant could be allowed to say that he did not know that the place was a public place, then one indicted for playing the game at a tavern, inn, or other place designated by the statute could plead his ignorance and say that he did not know that the place was a tavern or inn, etc. The charge requested by the defendant was well refused.

For the error pointed out, the judgment of the circuit court must be reversed and the cause remanded.

Reversed and remanded.