# Studdard v. The State.

### Violating Prohibition Law.

(Decided February 10, 1916.   70 South. 978.)

1. **Intoxicating Liquors; Other Offenses; Evidence.**—Where the indictment charged defendant with selling, keeping for sale, or otherwise disposing of spirituous liquors, the state may show more than one sale.

2. **Same.**—In such a prosecution, it was not permissible for the state to show that the state's witness and others, were engaged in a game of cards at or near the place of the alleged illegal sale.

3. **Trial; Remarks of Court.**—Where the court, after sustaining an objection by the state to a question by defendant, on cross examination of a state's witness, seeking to show that the state's witness and others were engaged in a game of cards at or near the place where the alleged illegal sale was had, remarked that the jury were not trying defendant for gambling, that he and they were not trying anybody for playing cards, such remarks were proper and error cannot be predicated thereon.

4. **Intoxicating Liquors; Other Offenses; Evidence.**—In a prosecution for violating a prohibition law, evidence that defendant had stated in a conversation that he had sold whisky in another county five years before, and thought they were going to bill him for it, which was why he came to B. county, was not admissible, and should have been excluded.

2—14

[Studdard v. The State.]

APPEAL from Blount Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

John Studdard was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

The evidence tended to show several sales of whisky by the defendant at different times during the months of December and January, 1914 and 1915. On the cross-examination of the state's witness the defendant asked many questions concerning a game of cards in which the witness and others were engaged at the time it is said some of the whisky was bought. The court, after sustaining the state's objection to the question seeking to show the gambling, remarked in the presence of the jury: "You are not trying this man for gambling, gentlemen of the jury; we are not trying anybody for playing cards."

When Coley was being examined as a witness, the solicitor asked him the following question: "In this conversation (a conversation alleged to have been had between witness and defendant at the home of the witness), I will ask you to state to the jury whether or not he said this, or in substance this, that he had sold a man some whisky in Marshall county, and that he thought they were going to bill him for it, and that is the reason he came over into Blount county."

Over objections by defendant, stated in various ways, the court permitted the witness to answer: "Why, yes, sir; that, or in substance that."

It was developed on cross-examination of witness that this occurred in Marshall county about five years previous. Defendant thereupon renewed his motion to exclude this evidence.

RUSSELL & JOHNSON, for appellant. W. L. MARTIN, Attorney General, and H. G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.— (1) It has been repeatedly ruled that on trial under an indictment charging the defendant with selling, keeping for sale, or otherwise disposing of prohibited liquors it is competent for the state to show more than one sale.—*Spigener v. State,* 11 Ala. App. 296, 66 South. 896; *Allison v. State,* 1 Ala. App. 207, 55 South. 453.

(2) The fact that the state's witnesses and others were engaged in a game of cards at or near the place of the alleged sale

[Hardeman v. The State.]

was not material to any issue in the case, and had no tendency to shed light on the defendant's guilt or innocence. The case on trial was not for card playing, and the only possible influence such evidence could have had would have been to prejudice the jury against the defendant.—*Rogers v. State*, 12 Ala. App. 196, 67 South. 781.

(3) The remarks of the court to the jury in connection with the rulings on the evidence were proper. Their wholesome purpose was to confine their consideration to the case on trial.

(4) It did not appear on the face of the question propounded by the solicitor to the witness Coley, nor in the answer thereto, that the transaction, the subject of the conversation between defendant and Coley, was not so closely connected with the acts of the defendant under investigation as to make it material; and the objection to the question and motion first made to exclude the answer were properly overruled. On cross-examination, it was shown that the conversation was with reference to a transaction occurring in Marshall county five years previous to the alleged offense for which defendant was on trial. This conversation clearly had no connection with the acts under investigation, and shed no light thereon. This testimony was irrelevant and immaterial to any issue in the case, and the court erred in overruling the defendant's motion to exclude.

For this error, the judgment is reversed, and the cause remanded.

Reversed and remanded.