(100 South. 78)

## MILLER v. CITY OF HUNTSVILLE.
## (8 Div. 108.)

(Court of Appeals of Alabama. April 22, 1924.
Rehearing Denied May 13, 1924.)

1. Licenses &⇒42(3)—Affidavit for violating license ordinance held not subject to enumerated grounds of demurrer.

Amended affidavit for engaging in business without license required by ordinance *held* not subject to either of grounds of demurrer (1) that it was not made before officer authorized by city to take it; (2) that it fails to set out ordinance creating offense; (3) that it charges no offense known to law; (4) that it does not state sufficient facts to acquaint defendant with offense charged.

2. Municipal corporations &⇒122(4)—Evidence of ordinance charged to be violated held sufficient.

Evidence on prosecution for violation, as to passage and publication, of license ordinance *held* sufficient to meet the rules of evidence and the law governing validity of ordinances.

Appeal from Circuit Court, Madison County; Osceola Kyle, Judge.

Prosecution by the City of Huntsville against E. P. Miller for doing business without a license. From a judgment of conviction, defendant appeals. Affirmed.

The amended affidavit upon which the trial was had is as follows:

"Before me, Carter H. Rice, clerk of the circuit court, personally appeared H. S. Bullard, who, being duly sworn, on oath says that he has probable cause for believing and does believe that before the filing of this complaint and within 60 days before the 9th day of November, 1922, the same being the day on which the trial of this cause was had in the mayor's court in the city of Huntsville, Ala., a municipal corporation, Ed Payne Miller, did engage in the business of a cotton buyer in the said city of Huntsville, without first having paid a license charge of $50 and obtaining a license from the city clerk of the city of Huntsville, Ala., to carry on said business contrary to an ordinance of said city fixing a schedule of charges for licenses for the calendar year for diverse business, occupations and professions engaged in or carried on in said city of Huntsville, Ala., for the year 1922 which said ordinance required a license charge of $50 for any person, firm, corporation or company engaging in the business of 'cotton buyers,' and which said ordinance was duly adopted by the governing body of said city on the 13th day of December, 1921, against the peace and dignity of said city, this being the same offense for which said defendant was tried and convicted on the 9th day of November, 1922, and fined $50."

These grounds of demurrer were interposed to the amended affidavit: That it was not made before the mayor of the city; that it was not made before an officer authorized by the city to take affidavits preferring charges for violation of city ordinances; that it fails to set out the ordinance or part thereof creating the offense; that it charges no offense known to the law; that it fails to state facts sufficient to acquaint defendant of what offense he stands charged.

The witness Adams testified that he was mayor of the city of Huntsville, and present at a regular meeting of the council when the ordinance in question was introduced; that a book shown him was the original of the minutes of the city in which ordinances adopted by the mayor and council are entered; that the "license schedule ordinance" in question was presented and adopted and approved by him, as mayor, as shown by said minutes; that after adoption the ordinance was published in a newspaper of general circulation in the city.

The ordinance as shown by the book of original ordinances was offered in evidence by the city.

Watts & White, of Huntsville, for appellant.

It is essential that the facts constituting the violation be set out with certainty, and that the provisions or substance of the ordinance be shown in the complaint. It must also be averred that the ordinance was a valid, existing ordinance, authoritatively ordained. Miles v. City of Montgomery, 17 Ala. App. 15, 81 South. 351; Benjamin v. City of Montgomery, 16 Ala. App. 389, 78 South. 167. Code 1907, § 1259, is not applicable to books of ordinances. Smith v. Town of Eclectic, 18 Ala. App. 329, 92 South. 212.

Lanier & Pride, of Huntsville, for appellee.

No brief reached the Reporter.

BRICKEN, P. J. The evidence in this case, without dispute, disclosed that the appellant was an independent cotton buyer, and did engage in the business of a cotton buyer in the city of Huntsville during the period of time covered by the complaint; and, further, that he so engaged in said business of a cotton buyer without having first paid for and taken out a license, so to do, as required by the license ordinance of said city of Huntsville.

The material questions, therefore, presented by this appeal, are: (1) The sufficiency of the complaint or affidavit as finally amended; and, (2) the validity of the ordinance in question.

[1] We are of the opinion that the complaint or affidavit as finally amended was not subject to any of the grounds of demurrer interposed thereto, and that the demurrers were properly overruled. Turner v. Town of

Lineville, 2 Ala. App. 454, 56 South. 603; Lane v. Tuscaloosa, 12 Ala. App. 599, 67 South. 778; Rosenberg v. Selma, 168 Ala. 195, 52 South. 742.

[2] We are also of the opinion that the court ruled correctly in holding that the evidence adduced upon this trial relative to the passage and publication of the ordinance in question was sufficient to meet the rules of evidence and the law governing the validity of the ordinances of municipal corporations, and the burden of proof resting upon the municipality in an action for a violation of such ordinance. The rules in this respect have been so often announced there appears no necessity here of restating these rules. Little v. City of Attalla, 4 Ala. App. 289, 58 South. 949; Bell v. Town of Jonesboro, 3 Ala. App. 652, 57 South. 138; Clark v. Town of Uniontown, 4 Ala. App. 264, 58 South. 725.

This cause was tried by the court without a jury. Under the usual rule we will not disturb the judgment rendered.

Affirmed.