# Stevens *v*. The State.

## *Murder.*

(Decided November 28, 1912. 60 South. 459.)

1. *Evidence; Opinion; Qualification.*—Where it did not appear that
the witness, an expert medical man, had had an opportunity to
learn the evidence in the case, except by hearsay, his opinion of the
effect of a lick from a buggy whip upon a woman, to the effect that
it would have to be greater than the evidence in the case has shown,
was properly excluded.

2. *Same; Expert Testimony.*—Expert testimony as to the effect of
a lick or a blow, to the effect that it had to be greater than the
evidence in this case has shown, became an opinion of the case
on the evidence as given by the witness, and was, therefore, an
invasion of the functions of the jury.

3. *Charge of Court; Argumentative.*—Charges basing an ac-
quittal unless the jury were so convinced of guilt by the evidence
that they would each venture to act upon the decision in matters
of highest concern or importance to his own interest, are properly
refused as argumentative.

4. *Same; Weight and Effect of Evidence.*—A charge asserting that
the only foundation for a verdict of guilt was that the entire jury
should believe from the evidence beyond a reasonable doubt and
to a moral certainty that defendant is guilty as charged in the
indictment, to the exclusion of every probability of his innocence,
and every reasonable doubt of his guilt, and if the prosecution has
failed to furnish the aforesaid measure of proof, ,and to impress
the minds of the jury with such belief of the accused's guilt, the
jury should acquit, was properly refused as tending to lead the
jury to believe that the verdict could be based only upon the evi-
dence offered by the prosecution.

APPEAL from Monroe Law and Equity Court.
Heard before Hon. W. J. McCorvey.

[Stevens v. The State.]

Sam Stevens was convicted of assault and battery, and he appeals. Affirmed.

The killing was alleged to have been the result of striking Betty Stevens with a buggy whip.

Charge 3 is as follows: "Before the jury can convict the defendant, they must be satisfied not only to a moral certainty not only that the proof is inconsistent with defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance to his interests, then they must find the defendant not guilty."

Charge 4: "I charge you, gentlemen, that the only just foundation for a verdict of guilty in this case is that the entire jury shall believe from the evidence, beyond a reasonable doubt, and to a moral certainty, that the defendant is guilty as charged in this indictment, to the exclusion of every probability of his innocence, and every reasonable doubt of his guilt; and if the prosecutor has failed to furnish the aforesaid measure of proof, and to impress the minds of the jury with such belief of defendant's guilt, the jury should find him not guilty."

H. H. McCLELLAND, and J. D. RATCLIFFE, for appellant. The proper predicate was not laid for the admissions of dying declarations.—*Young v. The State,* 95 Ala. 4; *Justice v. The State,* 99 Ala. 181. The court erred in excluding the opinion of the physician.—*Simon v. The State,* 108 Ala. 27; *Page v. The State,* 61 Ala. 16. The charges requested should have been given.—*Brown v. The State,* 118 Ala. 111; *Burton v. The State,* 107 Ala. 108.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. There

was sufficient predicate for dying declarations.—*Heninburg v. The State*, 153 Ala. 13; *Sanders v. The State*, 2 Ala. App. 13. The court was not in error in excluding the opinion of the physician on the effect of the evidence as shown in this case.—*Page v. The State*, 61 Ala. 66; *Gunter v. The State*, 83 Ala. 96; 62 Miss. 405, 7 Gray 467; 82 U. S. 9. Charge 3 was properly refused. —*Shelton v. The State*, 144 Ala. 106. Charge 4 was properly refused.—*Welch v. The State*, 156 Ala. 112; *Hails v. The State*, 122 Ala. 85

WALKER, P. J.—Some of the rulings of the trial court which are criticised in the brief of the counsel for the appellant are so obviously unobjectionable or not prejudicial to the appellant that a discussion of them is not deemed necessary.

Dr. G. W. Gaillard, a witness for the defendant, testified as an expert in reference to the effect upon a pregnant woman of a blow inflicted upon her with a buggy whip. In the course of his examination on this subject by the defendant's counsel, he made the following statement: "In other words, she could not be up and attending to domestic duties afterwards, and the effect upon the woman would have to be greater than the evidence in this case has shown." Thereupon, as stated by the bill of exceptions, the state moved to exclude the testimony about the result of the evidence. An exception was reserved to the granting of this motion. It is not made to appear that the court was in error in this ruling. For anything shown to the contrary by the bill of exceptions, it may have been justifiable from the fact, within the knowledge of the court, that the witness could have had no opportunity to learn what the evidence in the case was except from hearsay. Besides, to permit such an expression by a witness as to the effect of the

evidence that had been adduced would amount to allowing him to give his opinion of the case on trial, to exercise a function which properly may be exercised by the jury alone.—*Gunter v. State,* 83 Ala. 96, 107, 3 South. 600; *Page v. State,* 61 Ala. 16.

Charge 3, requested by the defendant, was properly refused.—*Shelton v. State,* 144 Ala. 106, 113, 42 South. 30; *Amos v. State,* 123 Ala. 50, 26 South. 524.

The refusal to give charge 4, requested by the defendant, may be justified because of the tendency of its last paragraph to lead the jury to conclude that the verdict could properly be based upon a consideration of a part only of the evidence in the case, that offered by the prosecution.—*Nicholson v. State,* 117 Ala. 32, 23 South. 792; *Welch v. State,* 156 Ala. 112, 46 South. 856.

Affirmed.