# Lewis *v.* The State.

### Larceny.

(Decided April 20, 1916.   71 South. 617.)

1. **Witnesses; Examination; Character.**—Where a witness offered by defendant has testified as to the good character of defendant, it is permissible, on cross examination, to ask him if he had not heard that defendant was accused of violating the law by selling liquors, as a test of his information, and of the accuracy and credibility of his testimony.

2. **Evidence; Previous Offenses.**—Where defendant was indicted for the larceny of a cow, but not for the violation of the provisions of § 6419, Code 1907, it was error to allow the solicitor on cross examination of defendant, and over his objection, to show that defendant did not keep the record required by said § 6419.

3. **Same.**—Testimony as to the acts of a defendant in the transaction for which he was being prosecuted are admissible, although they show a violation of a statute for which he was not being prosecuted.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

[Lewis v. The State.]

George Lewis was convicted of the larceny of a cow, and he appeals. Reversed and remanded.

The facts sufficiently appear from the opinion. The following charges were refused to defendant: 1. If the jury have a reasonable doubt as to defendant's guilt arising out of any part of the evidence, they must find defendant not guilty. 2. The jury must be satisfied to a moral certainty, not only that the proof is consistent with defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless the jury are so convinced by the evidence of defendant's guilt, that they would each venture to act upon that decision in matters of the highest concern and importance to their own interest, then they must find defendant not guilty. 4. The only foundation for a verdict of guilt in this case is that the entire jury shall believe from the evidence beyond a reasonable doubt and to a moral certainty that defendant is guilty as charged in the indictment, to the exclusion of every probability of his innocence, and every reasonable doubt of his guilt, and if the prosecution has failed to furnish such measure of proof and to so impress the minds of the jury with his guilt, they should find him not guilty. 10. If the jury do not believe the evidence of Curtis Brown in this case, they should acquit defendant. 11. If the jury do not believe the evidence of Curtis Brown beyond a reasonable doubt, they should acquit defendant.

LEE & TOMPKINS, for appellant. W. L. MARTIN, Attorney General, and H. G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.—(1) It is permissible on cross-examination of a witness, offered by the accused, and who has given evidence of the good character of the accused, to ask if the witness has not heard one or more persons of the neighborhoood impute particular acts or the commission of a particular crime to be accused, as a test of his information and the accuracy and credibility of his testimony.—*Moulton v. State*, 88 Ala. 119, 6 South. 758, 6 L. R. A. 301; *Lewis v. State*, 13 Ala. App. 31, 68 South. 792. Under this rule, it was not error for the court to allow the question to the defendant's witness, Daugherty, on cross-examination, if he has not heard that the defendant was accused of violating the law by selling liquors.

(2, 3) Section 6419 of the Code of 1907 provides that: "Every butcher who fails to keep a record of every cow or animal of the cow kind killed, showing the color, earmarks, and brand of each cow or animal of the cow kind killed or ·butchered, and the date when killed or butchered, and if purchased, from whom purchased, the residence of the person from whom the same was purchased, and when, and also the approximate gross weight at the time purchased and at the time killed or butchered, or who fails to make the required entries above specified within twenty-four hours after butchering any cow or animal of the cow kind, shall be guilty of a misdemeanor and, upon conviction, shall be fined not more than five hundred dollars, and may be sentenced to hard labor for the county for a period of not exceeding twelve months."

The solicitor, on cross-examination of the defendant and over his objection, was allowed to show that the defendant did not keep a record as required by this statute of cows that he purchased and paid for in the conduct of his business. The defendant was not indicted for a violation of this statute, and whether he had complied with it with reference to cattle which he had purchased previous to the transaction under investigation was wholly immaterial and could have no legitimate influence in solving the issues in the case; the only influence it could have exerted is the wholly illegitimate one of prejudicing the jury against the defendant.—Underhill, Criminal Evidence, § 87; *Henson v. State,* 114 Ala. 25, 22 South. 127; *Rogers v. State,* 12 Ala. App. 196, 67 South. 781. If the testimony had been limited to the transaction in question, it would have been admissible, although it showed that the defendant had violated this statute.—*Kirkwood v. State,* 3 Ala. App. 19, 57 South. 504.

There was no error in refusing defendant's charge 1, as it pretermits a consideration of all the evidence.—*Roden v. State,* 13 Ala. App. 105, 69 South. 366. Charge 2 was likewise properly refused.—*Williams v. State,* 161 Ala. 52, 50 South. 59; *Phillips v. State,* 162 Ala. 14, 50 South. 194. Charge 4 was well refused. —*Stevens v. State,* 6 Ala. App. 6, 60 South. 459; *Welch v. State,* 156 Ala. 112, 46 South. 856.

The defendant's guilt was not entirely dependent upon the evidence of the witness Brown; non constat, the circumstantial evidence developed in the case was sufficient to carry the issues to the jury, and charges 10 and 11 were properly refused.

For the error pointed out, the judgment will be reversed, and the cause remanded.

Reversed and remanded.