152 So. 41

## REESE v. STATE.

### I Div. 786.

Supreme Court of Alabama.

Dec. 14, 1933.

Rehearing Denied Jan. 25, 1934.

Hybart, Heard & Chason, of Bay Minette, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BROWN, Justice.

The appellant was indicted, tried, and convicted of murder in the first degree at the spring term, 1933, of the circuit court of Baldwin county. The indictment was presented by the grand jury and filed in open court on January 11, 1933, and on the day following, January 12, 1933, by order of the court, his case was set for trial on January 18, the same being a day of the second week of that session of the court, and an order entered directing the sheriff to "summons 65 persons in this cause, including those persons *drawn* on the regular juries *for the second week of this term of this court.*" (Italics supplied.)

It appears that fifty persons were then summoned to serve as jurors for the said second week, and fifteen special jurors were drawn from the jury box in open court to complete the venire of sixty-five.

The transcript purports to set out all the proceedings of the court at said term relating to the appellant's case, and it does not appear that the defendant was arraigned and called on to plead, or that he did plead, or that he stood mute and the plea of not guilty was entered for him before the order for the special jurors was entered, and as for that matter that he was arraigned at all on the said 12th day of January, 1933.

The judgment entry, however, recites: "This day came the State of Alabama, by its Solicitor and the Defendant in his own proper person and with his attorneys, *and the defendant having heretofore on the 12th day of January, 1933,* been arraigned on the indictment on this case charging him with murder in the first degree to which indictment on arraignment the defendant plead not guilty and not guilty by reason of self defense, and the Court having on the 12th day

of January, 1933, in open Court in the presence of the defendant and his Attorneys set the trial of this case," etc. (Italics supplied.)

■ Before entering upon the trial, the defendant entered a motion to quash the indictment, on the ground that the grand jury was composed of persons drawn to serve as jurors for the fall term, 1932, September session, of said circuit court, and were summoned by order of the court, entered at said September session of the fall term for service at the succeeding January term, 1933. The facts were not controverted, and appellant contends, on the authority of Fryer v. State, 146 Ala. 4, 41 So. 172, a grand jury thus organized was without warrant of law, and therefore the court erred in overruling defendant's motion to quash the indictment.

Under our procedural statute, motion to quash the indictment is not the proper method of presenting questions going to the formation of the grand jury. This can only be raised by plea in abatement. Code 1923, § 8630; Doss v. State, 220 Ala. 30, 123 So. 231, 68 A. L. R. 712. This motion was overruled without error.

■■ The defendant also made motion to quash the special venire for his trial, on the ground that the regular jurors constituting the larger part of the venire were not *drawn* to serve as jurors for the week in which his case was set for trial, but were *drawn to serve as jurors* for the second week of the September session, fall term of the court, 1932, and were ordered summoned by the court, after the business of that session was postponed, for service at the succeeding January term, 1933. This motion was also overruled.

It has been uniformly held that the provisions of the statute (Code 1923, § 8644 et seq.), that the special venire for the trial of a capital case shall be made up of the persons specially drawn and "those *drawn* on the regular juries for the week in which the case is set for trial," are mandatory. Spooney v. State, 217 Ala. 219, 115 So. 308; Zininam v. State, 186 Ala. 12, 65 So. 56; Davis v. State, 205 Ala. 673, 88 So. 868; Doss v. State, supra. Most of the jurors constituting the special venire for defendant's trial were *drawn* to serve as jurors at the September term of the court, and therefore the venire did not meet either the requirements of the statute or the order of the court as to its constituent elements. The court therefore erred in overruling the motion to quash the venire.

For the error noted, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

All the Justices concur.