179 So. 217

## SMALLWOOD v. STATE.

## 5 Div. 257.

Supreme Court of Alabama.

Jan. 13, 1938.

Rehearing Denied Feb. 24, 1938.

Jacob A. Walker, of Opelika, and R. C. Wallace, of LaFayette, for appellant.

A. A. Carmichael, Atty. Gen., and Effic Crittenden, Asst. Atty. Gen., for the State.

FOSTER, Justice.

The defendant was indicted and put on trial for murder in the first degree. The court set the case for trial to be had on March 9, 1937, and ordered one hundred jurors to be summoned for his trial, including the jurors drawn and summoned for said week, of which there were fifty, and then drew fifty special veniremen,

necessary to constitute the one hundred, including those drawn and summoned for that week. The sheriff was ordered to summon said persons *so drawn* to appear on the day set, and that a list of those drawn and summoned for the week and of those drawn in addition thereto be served on defendant.

 This was not a compliance with section 8644, Code, which provides for those *drawn* for the week, not those *summoned*. Spooney v. State, 217 Ala. 219, 115 So. 308; Edwards v. State, 205 Ala. 160, 87 So. 179; Lewis v. State, 205 Ala. 657, 88 So. 831. But no objection was made to the venire on that account, so that it is not here available as error. Edwards v. State, supra; Lewis v. State, supra; Spooney v. State, supra; Stinson v. State, 223 Ala. 327, 135 So. 571.

 This question is not urged on us, but it is our duty to examine the record for error. But it is a matter which may be and is waived in the circuit court by making no point on it. Attention is called to it, so that care may be taken to observe this requirement.

The bill of exceptions contains the following recital:

"In calling the names of the jurors duly summoned for the trial of said cause the name of Raymond Webb was called, by and under the direction of the court, his name being upon the venire that had been regularly drawn and a copy of which had been served upon the defendant, and the said Raymond Webb, not answering, the court stated that he had excused said Raymond Webb on the organization of the court the day before. Thereupon the defendant objected to going to trial without the presence of said juror. The court overruled said objection, stating: 'All right. He was regularly called and put under oath, voir dire, and was excused by the court for what the court thought was good and sufficient reason. Proceed with the call.'

"Thereupon the defendant duly and legally reserved an exception.

"The court proceeded with the trial of said cause in the absence of said Raymond Webb, and his name was not on the list of jurors that was submitted to the defendant and the State from which to select a jury."

 This shows that objection was properly made and due exception taken to present the point to this court. Stinson v. State, supra; Irwin v. State, 220 Ala. 160, 124 So. 410.

 The merits of this contention as a reversible error were fully discussed in Stinson v. State, supra. It is there asserted that the defendant on trial for a capital case has a right to have excuses from jury service heard and determined at the time as a part of the trial, so that he may know the facts on which the excuse is based, and be heard with respect to it, and have exception to the ruling if he desires to do so. While it was held that the question was not properly presented for review by this court, the rights of defendant were fully argued and explained, and were not observed on this trial. We cannot say that there was no injury. It is a mandatory requirement whose failure of observance constitutes reversible error when duly presented. Reese v. State, 228 Ala. 132, 152 So. 41. The defendant cannot know on what ground the court excused the juror. The excuse should have been made and acted on as a part of the selection of the jury on the day of trial. We think a failure is reversible error when the situation is properly brought to the attention of the trial court on the day of trial by a proper motion and an exception.

No other questions need to be considered.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.