

Pennington & Tweedy, of Jasper, for appellant.

A. A. Carmichael, Atty. Gen., and Chas. L. Rowe, Asst. Atty. Gen., for the State.

179 So. 392

## CRUMP v. STATE.

### 6 Div. 263.

Court of Appeals of Alabama.

Feb. 1, 1938.

Rehearing Feb. 22, 1938.

BRICKEN, Presiding Judge.

The indictment charged the defendant (appellant) with the offense of murder in the first degree.

The court ordered that Thursday, the 3d day of June, 1937, be fixed as the time for the trial of the case; and further ordered that the venire from which the jury to try the case shall be selected shall consist of the names of 80 jurors, and it appearing to the court that 57 jurors have been drawn on the regular juries for the week set for the trial of this case, and ordered that those jurors, together with 23 others drawn in open court and in the presence of the defendant by the presiding judge from the jury box of Walker county, shall constitute such venire. The said order provides: "It is further ordered

that the Sheriff summon all of the 80 jurors constituting the venire in this case to be and appear in this court at Jasper, Alabama, on the 3rd day of June 1937, for the trial of the case. It is further ordered that the Sheriff forthwith serve upon the defendant a list of the names of all the 80 jurors constituting the venire for the trial of the case, together with a copy of the indictment in the case."

The foregoing order discloses a sufficient compliance with the statute.

On June 3, 1937, the date set for the trial, both sides announced ready, but before entering upon the trial the defendant objected to going to trial and moved the court to quash the venire on the grounds: (1) Because there were served upon defendant a list of 80 names, and there had been excused, and otherwise eliminated, from the list, 40 names, which leaves only 40 names from which this jury to try the defendant has to be selected. (2) Because a large number of these jurors were excused by the court without any agreement or knowledge on the part of the defendant. There were other grounds upon which were rested said motion to quash and objection to going to trial, but these may not be considered or discussed. Evidence was had upon the motion, and the hearing of these matters as transcribed in the bill of exceptions consumed some 25 or 30 pages of the transcript. The evidence on the motion disclosed, without dispute, that the court prior to the date set for the trial did excuse a large number of the jurors, and that none of said excused jurors was present in court on June 3, 1937, the date set for the trial of this case. At the conclusion of taking the testimony above referred to, there appears in the bill of exceptions the following: "By Mr. Pennington, 'It is agreed and known to the court that with the exception of the two veniremen, Bruce Jones and Mr. Whitener, none of these veniremen has been excused with the consent of the defendant or his attorneys with the exception of those two.' By the court: 'I think that is correct.'"

The motion was overruled, to which action the defendant duly and legally reserved an exception.

The action of the court in excusing these numerous (named) veniremen *prior to the date set for the trial* of this case was error, necessitating a reversal of the judgment of conviction from which this appeal was taken. The following authorities are conclusive as to this proposition. Stinson v. State, 223 Ala. 327, 135 So. 571; Jimmie Lee Smallwood v. State, 235 Ala. 425, 179 So. 217.

In the Smallwood Case, supra, it appeared that in calling the names of the jurors summoned for the trial of said cause, the name of one juror, Raymond Webb, was called but said Webb did not answer, whereupon the court stated that he had excused said Raymond Webb on the organization of the court the day before. Thereupon the defendant objected to going to trial without the presence of said juror. The court overruled said objection, stating: "All right. He was regularly called and put under oath, voir dire, and was excused by the court for what the court thought was good and sufficient reason. Proceed with the call." Thereupon the defendant duly and legally reserved an exception. For this erroneous action of the court the Supreme Court reversed and remanded the case. In this connection, among other things, the court said:

"The merits of this contention as a reversible error were fully discussed in Stinson v. State, supra. It is there asserted that the defendant on trial for a capital case has a right to have excuses from jury service heard and determined at the time as a part of the trial, so that he may know the facts on which the excuse is based, and be heard with respect to it, and have exception to the ruling if he desires to do so. While it was held that the question was not properly presented for review by this court, the rights of defendant were fully argued and explained, and were not observed on this trial. We cannot say that there was no injury. It is a mandatory requirement whose failure of observance constitutes reversible error when duly presented. Reese v. State, 228 Ala. 132, 152 So. 41. The defendant cannot know on what ground the court excused the juror. The excuse should have been made and acted on as a part of the selection of the jury on the day of trial. We think a failure is reversible error when the situation is properly brought to the attention of the trial court on the day of trial by a proper motion and an exception.

"No other questions need to be considered.

"Reversed and remanded."

In the instant case, it is clearly evident that the trial judge endeavored in

every way to conduct the trial in a careful, fair, and impartial manner, but fell into error in prematurely exercising the discretion provided for in the statute. The discretion vested in the court and power to excuse from service on a special venire in a capital case can only be exercised by the trial court on the day set for trial during the process of qualifying and organizing the jury for the defendant's trial when defendant is having his day in court, and may know the facts underlying the court's rulings and may protect his interest by proper exceptions. Stinson's Case, 223 Ala. 327, 135 So. 571, 574. Sections 8644 et seq. of the Code are mandatory in their provisions.

In Stinson's Case, supra, the court said:

"While section 8614, brought forward from the Code of 1907, and long a part of the law, providing: 'The court may excuse from service any person summoned as a juror if he is disqualified or exempt, or for any other reasonable or proper cause, to be determined by the court,' is not to be overlooked, it was not incorporated in article 7, c. 311 (Code 1923, p. 193, § 8644 et seq.) dealing especially with the 'Mode of Selecting and Empaneling Juries in Capital Cases,' and cannot be construed as emasculating or modifying the provisions of sections 8644, 8645, which require the court to order the persons constituting the venire for the trial of capital cases, summoned to appear on the day the case is set for trial, and require the court, on the day set for the trial, if the cause is ready for trial, to inquire into and pass upon the qualifications of all the persons appearing in response to the summons, where the defendant must be present with his counsel and where he is given an opportunity to participate in the selection of the jury for his trial, and reserve questions for review by appeal.

"That statute (section 8614) has a field of operation, and authorizes the court, in the process of impaneling the regular juries, to excuse a juror from the regular service, still when construed in pari materia with sections 8644, 8645, the power to excuse from service on a special venire in a capital case must be exercised by the court on the day set for the trial during the process of qualifying and organizing the jury for the defendant's trial, when defendant is having his day in court, and may know the facts underlying the court's rulings and may protect his interest by proper exceptions. * * *

"The matter complained of is not a mere clerical error, but an error committed by the court in excusing jurors summoned for defendant's trial, in defendant's absence."

Numerous other questions are presented, but as stated in the Smallwood Case, supra, "No other questions need to be considered."

Reversed and remanded.