1 So.2d 670

## DODD v. STATE.
### 7 Div. 536.

Court of Appeals of Alabama.
Feb. 25, 1941.

Rehearing Denied March 18, 1941.

McCord & Miller, of Gadsden, and Scruggs & Creel, of Guntersville, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. A. Hare, Asst. Atty. Gen., for the State.

RICE, Judge.

Our Supreme Court has specifically, and emphatically, held the provisions of Code 1923, Secs. 8644 and 8645, to be *mandatory*—which we understand to mean that said provisions must be followed *exactly as written.*

Here, appellant was indicted and put on trial for murder in the first degree. An order was duly made under the provisions of Code, Sec. 8644, supra, commanding the Sheriff to summon 75 persons qualified to serve as jurors, including 45 jurors drawn for the week during which the trial was set, plus 30 special jurors then and there drawn in open court, for the selection of a jury before which to try the case.

But the bill of exceptions recites the following, to-wit:

"On the call of the special venire (on the day set for the trial), one of the jurors

named on the special venire and summoned to be present at the trial of this cause to try this cause as a special juror, to-wit: *Mr. W. Owen Leach,* did not answer to his name. The court had made and entered the following order on the back of the summons served upon said juror, and placed it in the file * * * after said juror had been summoned and before the date set for this trial, to-wit:

" '11/27/39 This juror is excused on account of the exemption given him under Sec. 1600(86) Code of Alabama, 1923 (Sic). Signed, W. M. Rayburn, Judge.' "

The trial judge stated in open court that he made the order excusing the juror, above, at a time when neither the defendant (appellant) nor his counsel were present.

Defendant (appellant) objected to going to trial in this case in the absence of the said juror *W. Owen Leach.* The court overruled his objection, and exception was duly reserved.

We see no escape from ordering a reversal of the judgment of conviction, on account of the action, noted, of the learned trial court.

The situation presented is in no essential principle different from that existent in the case of Smallwood v. State, decided by our Supreme Court on January 13, 1938, and reported in 235 Ala. 425, 179 So. 217, at page 218. In that case our Supreme Court said: "This shows that objection was properly made and due exception taken to present the point to this court. Stinson v. State, supra [Stinson v. State, 223 Ala. 327, 135 So. 571] * * *. The merits of this contention as a reversible error were fully discussed in Stinson v. State, supra. It is there asserted that the defendant on trial for a capital case *has a right to have excuses from jury service heard and determined at the time as a part of the trial, so that he may know the facts on which the excuse is based, and be heard with respect to it, and have exception to the ruling if he desires to do so.* * * * We cannot say that there was no injury. *It is a mandatory requirement whose failure of observance constitutes reversible error when duly presented.* Reese v. State, 228 Ala. 132, 152 So. 41. * * * *The excuse should have been made and acted on as a part of the selection of the jury on the day of trial."* (Italics supplied by us.)

And see Crump v. State, 28 Ala.App. 103, 179 So. 392.

 So, here, because of the action of the judge in excusing the said venireman, W. Owen Leach, under the circumstances noted, the judgment of conviction is reversed, and the cause remanded. Code 1923, Sec. 7318.

No other questions need be considered.

Reversed and remanded.