1 So.2d 671

**DODD v. STATE.**

**7 Div. 654.**

Supreme Court of Alabama.
April 17, 1941.

Thos. S. Lawson, Atty. Gen., and Jas. A. Hare, Asst. Atty. Gen., for the petition.

McCord & Miller, of Gadsden, and Scruggs & Creel, of Guntersville, opposed.

THOMAS, Justice.

The opinion of the Court of Appeals reversed this case on the ground that the trial court erred in excusing a juror at a time when neither the defendant (appellant) nor his counsel was present, even though the judge of the trial court had endorsed on the summons of the absent special juror the following: "11–27–39 This juror is excused on account of the exemption given him under Section 1600(86) Code of Alabama, 1923." (sic.)

In view of the above, petitioner requests that this petition for a writ of certiorari be granted and that this Court direct the Court of Appeals to affirm the judgment of the trial court.

■ The arraignment was on the 17th day of November, 1939, the trial was set for December 6, 1939, and we judicially know that the endorsement of the judge on the juror's summons (11–27–39) was not on the date of his arraignment or on the date of defendant's trial.

The excused juror, one W. Owen Leach, a member of the National Guard, was exempted by law (Section 11, Military Code, 1936, Gen.Act 1936, Ex.Sess. p. 108, as amended by Act No. 509, General Acts 1939, p. 774), which in pertinent part is as follows: "Section 11. Exemption From Poll Tax, Street Tax And Jury Duty: Owing to liability to call for military duty during their term of service, every officer and enlisted man of the National Guard and Naval Militia of Alabama shall be exempt from poll tax, road duty, street tax and jury duty during his active membership, any local or special laws to the contrary notwithstanding * * *. The commanding officer of any company, troop, battery, or any similar organization, shall furnish each member of his command applying for same such certificate of membership as may be prescribed by the Adjutant General, signed by such commanding officer, which certificate shall be accepted by any court as proof of exemption as provided by this law."

The operation of this proof of exemption is predicated upon "liability to call for military duty during their term of service, every officer and enlisted man of the National Guard and Naval Militia of Alabama."

The state insists that there can be no doubt that *when the certificate of membership is presented to the court, the court is under a mandatory duty to excuse the holder from jury duty.* The law does not lodge in the trial court the discretionary powers the court has in excusing jurors who are exempted ordinarily from jury duty.

By the terms of Section 8605, Code of 1923, as amended by the General Acts of 1936, Extra Session, p. 33, the classes of persons who are declared exempt from jury

duty are set forth, but such persons may serve on the jury with their own consent. By the terms of the amendment of Section 11 of the Military Code, General Acts 1939, p. 774, § 4, members of the National Guard are declared exempt during active membership therein and a certificate of membership signed by the commanding officer is required to be accepted as proof of such exemption.

The distinction by the two acts is indicated in the brief of the Attorney General, namely, under the amendment to Section 8605, supra, which determines whether the person claiming the exemption is rightfully entitled thereto: while under the amendment to Section 11, supra, upon presentation of the certificate to the court, such certificate is required to be accepted as proof of the exemption claimed and the juror must be excused.

It is to be noted that the exemption dealt with under the amended Section 11, supra, is subsequent to the enactment of Sections 8644, 8646, Code of 1923, and in such case has controlling effect.

The original record has been examined and it is clearly shown that the exemption in the instant case was not waived by the juror, but, on the other hand, was claimed by him as indicated by the endorsement of the judge, which we have herein set out.

We are of the opinion and hold that the rule declared in Stinson v. State, 223 Ala. 327, 135 So. 571, and Smallwood v. State, 235 Ala. 425, 179 So. 217, obtains. The reasons stated by Mr. Justice Foster in the Smallwood case, supra, are that the defendant may know of the exemption claimed and on what ground the court excused the juror and that the excuse should be made and acted on as a part of the selection of the jury on the day of the trial.

In the case at bar the excuse should have been made and passed upon by the court as a part of the selection of the jury on the day of the arraignment of defendant or day of his trial and made known in his presence or in the presence of his attorney. In the absence of a waiver of the defendant to excuse the juror, he had the right of showing, if he so desired, that the exemption claimed did not exist. The action of the court in the instant case deprived him of this right and was contrary to his insistence made at the time of his trial.

The Court of Appeals has correctly interpreted the statutes and decisions of this court which obtain in this case, and the writ is denied.

Writ denied.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.