28 So.2d 815

### WALLER v. STATE.

1 Div. 528.

Court of Appeals of Alabama.

Jan. 7, 1947.

D. R. Coley, Jr., of Mobile, for appellant.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

CARR, Judge.

In the court below the appellant was convicted on a charge of rape.

On April 22, 1946, the court made an order that the venire in the case should consist of one hundred persons, including the jurors' drawn for the regular jury for the week. It appears in the order that there were seventy regular jurors and thirty additional names were drawn. The case was set for trial on the 1st day of May, 1946.

On the day set for trial, appellant's attorney moved for a continuance of the cause on the ground of the absence of a material witness. The motion was overruled and a continuance denied.

Counsel for defendant then made a motion to quash the jury venire. Sufficient for our treatment, we here quote the fourth ground of said motion: "Because the Court, in the absence of the Defendant or his Attorney, and prior to the date set for the trial of this cause, and not during the process of qualifying and organizing the jury for the Defendant's trial, exercised the right to excuse from jury service on the special venire summoned to try this cause, to-wit, six (6) jurors whose names appeared on the list of special jurors served upon the Defendant."

Testimony was taken in support of the motion, and it appears without conflict that

on April 30th, the day just prior to the setting date of the case at bar, the trial judge excused six jurors from the regular venire, drawn for the week in which the instant case was set. This action was taken without the presence or consent of either the defendant or his attorney.

A total of forty-six jurors qualified to try the case, and from this number a jury was selected.

■ This identical question has already been considered by our appellate courts and determined favorably to the present contentions of appellant.

Justice Brown, writing for the Supreme Court in Stinson v. State, 223 Ala. 327, 135 So. 571, 574, observed: "That statute (section 8614) has a field of operation, and authorizes the court, in the process of impaneling the regular juries, to excuse a juror from the regular service, still when construed in pari materia with sections 8644, 8645, the power to excuse from service on a special venire in a capital case must be exercised by the court on the day set for the trial during the process of qualifying and organizing the jury for the defendant's trial, when defendant is having his day in court, and may know the facts underlying the court's rulings and may protect his interest by proper exceptions."

The three sections above referred to appear, with slight addenda, in our present code as Title 30, Sec. 5, Sec. 63, and Sec. 64.

In the opinion in Smallwood v. State, 235 Ala. 425, 179 So. 217, 218, the Supreme Court, speaking through Justice Foster, said: "The merits of this contention as a reversible error were fully discussed in Stinson v. State, supra. It is there asserted that the defendant on trial for a capital case has a right to have excuses from jury service heard and determined at the time as a part of the trial, so that he may know the facts on which the excuse is based, and be heard with respect to it, and have exception to the ruling if he desires to do so. While it was held that the question was not properly presented for review by this court, the rights of defendant were fully argued and explained, and were not observed on this trial. We cannot say that

there was no injury. It is a mandatory requirement whose failure of observance constitutes reversible error when duly presented. Reese v. State, 228 Ala. 132, 152 So. 41. The defendant cannot know on what ground the court excused the juror. The excuse should have been made and acted on as a part of the selection of the jury on the day of trial. We think a failure is reversible error when the situation is properly brought to the attention of the trial court on the day of trial by a proper motion and an exception."

A like holding is announced in Harden v. State, 26 Ala.App. 94, 155 So. 719; Crump v. State, 28 Ala.App. 103, 179 So. 392; Dodd v. State, 30 Ala.App. 96, 1 So.2d 670, certiorari denied 241 Ala. 152, 1 So.2d 671.

■ The Assistant Attorney General does not question the fact that the instant inquiry presents an unsurmountable authoritative precedent, but insists that in the case at bar the defendant should be charged with waiver. We cannot accede to this position.

As disclosed by the record, if the defendant is to be held to have waived the right to have been present either in person or by counsel when the six jurors were excused, it is based only on the fact that his attorney was a member of the local bar and knew that it was a custom and practice which was usually followed to impanel the regular jurors drawn for the week on Tuesday morning. The defendant was confined in jail and, of course, could not have been present in court unless brought there by an officer.

The Constitution guaranteed to the defendant in this case a right of trial by a jury. This sacred security embodied the privilege to have the jury selected and impaneled as the law prescribes. The responsibility rested primarily upon the trial court to insure this protection. Under the circumstances in the instant case, the duty was imposed on him to assure the presence in court of either the defendant or his attorney before considering the matter of excusing the jurors from the regular venire who were included in the number from which a jury was to be selected to try the appellant. The court below did not con-

form to the rulings of our appellate courts, and reversible error must be charged.

■ We are not convinced that the primary court abused his discretion in denying a continuance of the cause. Curtis v. State, 9 Ala.App. 36, 63 So. 745; Bedsole v. State, 28 Ala.App. 27, 177 So. 308.

■ Objections were interposed to the introduction of the wearing apparel of the alleged assaulted person which undisputably she had on at the time it was contended she was raped. There was abundant evidence to support the position of the State that blood-flow was very free from the injuries the young lady sustained. She was taken home by a friend in a car. A towel was used to protect the automobile seat from bloodstains. The towel so used was also permitted in evidence, over the objections of appellant's counsel. With the exception of the girl's shoes and topcoat all of these articles bore evidence of blood, according to the testimony. It was made clear by witnesses that all of this apparel was turned over to the authorities and was in substantially the same condition as it was when the young lady disrobed at her home a short time after the alleged commission of the offense. We hold that this evidence was a material part of the factual inquiry. Puckett v. State, 213 Ala. 383, 105 So. 211; Reedy v. State, 246 Ala. 363, 20 So.2d 528; Smith v. State, 247 Ala. 354, 24 So.2d 546; Gilbert v. State, 28 Ala. App. 206, 180 So. 306; Allford v. State, 31 Ala.App. 62, 12 So.2d 404.

■ More urgent insistence is made in brief of counsel that particularly the shoes and topcoat, since they bore no evidence of blood or disfigurement, were erroneously allowed in evidence. The case of Kabase v. State, 31 Ala.App. 77, 12 So.2d 758, is cited in support of this position. It will be noted in the Kabase case, supra, that the slippers had been deheeled and it was not made to appear when this happened. It is a conclusion of logic and reason that, if the offered articles bear signs of injury, stains or defacements, this condition must be shown to be attributable to or connected with the alleged crime.

■ The prime objection made to the introduction in evidence of the shoes and coat was based on the ground that the minds of the jury would become inflamed thereby. Since neither bore any marks of impairment or blemish, the reason stated in support of the objections to their offer is not borne out by their appearance. We entertain the view, and hold, that even though they may not have been conducive of proof of a pertinent hypothesis which would influence the factual issues, their introduction could not have been harmful to appellant. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

We come now to consider the written charges refused to appellant.

■ Charges numbered 2, 3, 10, 13, 15, and 16 are abstract. The question of the consent of the prosecutrix to have sexual intercourse with the accused did not arise in the evidence. The young lady's testimony, if accepted by the required measure of proof, made out a case of rape. The defendant denied that his intimacy extended to an act of intercourse. Jackson v. State, 5 Ala.App. 306, 57 So. 594.

Refused charge numbered 4 was approved in Gilmore v. State, 99 Ala. 154, 13 So. 536; Motes v. State, 20 Ala.App. 195, 101 So. 286; Brown v. State, 118 Ala. 111, 23 So. 81; Veasey v. State, 20 Ala.App. 478, 103 So. 67; Wade et al v. State, 22 Ala.App. 129, 113 So. 469; and Lotz v. State, 23 Ala.App. 496, 129 So. 305.

From a study of the adjudicative history of the charge we find in more recent opinions of the Supreme Court the instruction has been disapproved.

■ A sound and sensible reason for the condemnation of the charge is that it has a tendency to mislead the jury to believe that it is only by the testimony adduced by the State that guilt of the accused can be based. We conclude that we are in harmony with late decisions of the Supreme Court to hold that the charge in question is properly refused if there is any evidence introduced by the defendant of an incriminating tendency against his innocence. This in recognition of the well established rule that the jury should consider the entire evidence. The instant case includes criminating facts against the defendant furnished by him. See, John-

son v. State, 133 Ala. 38, 31 So. 951; Sanders v. State, 134 Ala. 74, 32 So. 654; Wilson v. State, 140 Ala. 43, 37 So. 93; Stallworth v. State, 155 Ala. 14, 46 So. 518; Williams v. State, 161 Ala. 52, 50 So. 59; Daniels v. State, 243 Ala. 675, 11 So.2d 756; Robinson v. State, 243 Ala. 684, 11 So.2d 732. See, also, Stevens v. State, 6 Ala.App. 6, 60 So. 459; Davis v. State, 8 Ala.App. 147, 62 So. 1027; Lewis v. State, 14 Ala.App. 72, 71 So. 617; Minor v. State, 15 Ala.App. 556, 74 So. 98.

 Refused charge numbered 5 is substantially covered by given charges. Kelley v. State, ante, p. 408, 26 So.2d 633.

Charge 6 confines the jury to a consideration of only a part of the evidence in violation of the rule that it must weigh the whole thereof. Smith v. State, 137 Ala. 22, 34 So. 396; Campbell v. State, 13 Ala.App. 70, 69 So. 322; Lewis v. State, supra.

We find the approval of Charge 9 in Gilbert v. State, 20 Ala.App. 565, 104 So. 45, and in Bufford v. State, 23 Ala.App. 521, 128 So. 126. Neither of these cases was reviewed by the Supreme Court on certiorari.

In Shikles v. State, 31 Ala.App. 423, 18 So.2d 412, this court observed that the charge had been approved in Gilbert v. State, supra, but that it is nothing more than an instruction on reasonable doubt. The opinion rested the justification of its refusal upon the fact that it was fairly and substantially covered by the oral charge of the court. The Supreme Court denied the writ of certiorari without an opinion. Shikles v. State, 245 Ala. 641, 18 So.2d 417.

Under the rule this court is not bound to conclude that the Supreme Court approved the charge in denying the writ, but, on the contrary, it is logical to infer that there was a confirmation of the holding of the Court of Appeals to the effect that the instruction was covered by the oral charge of the trial court.

In Robinson v. State, 243 Ala. 684, 11 So.2d 732, 737, the Supreme Court disapproved the identical charge "On account of its misleading tendencies." It thus appears that there is a confusion in the authorities with reference to the vice or virtue of the instant charge. Under the circumstances, as we view our task, we are required to follow the holding in the Robinson case, supra, and disapprove the instruction for the reasons stated therein. Title 13, Sec. 95, Code 1940.

Number 14 is hypothecated on disputed facts and invades the province of the jury. Continental Gin Co. v. Milbrat, 10 Ala.App. 351, 65 So. 424; Watts v. State, 8 Ala.App. 264, 63 So. 18.

Written instruction Number 17 is an exact duplicate of refused charge 4 which has already had our attention.

There was no error in refusing Charge 20. It is misleading and argumentative.

Charge Number 21 was before this court in identical language in King v. State, ante, p. 134, 22 So.2d 448. We there disapproved it and cited authorities to sustain our view.

We have endeavored to discuss all questions presented by the record that may reoccur on another trial.

For error indicated it is ordered that the judgment of the primary court be reversed and the cause remanded.

Reversed and remanded.