36 So.2d 73

### DRAPER v. STATE.

8 Div. 423.

Supreme Court of Alabama.

June 10, 1948.

Noble J. Russell, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

LAWSON, Justice.

Draper was indicted and put on trial for murder in the first degree. He was convicted of murder in the second degree and the court, in accord with the verdict of the jury, sentenced him to serve twenty-five years and one day in the penitentiary of this state.

In calling the names of the jurors duly summoned for the trial of this defendant, the name of Johnny Woodruff was called, his name being upon the venire that had been regularly drawn and a copy of which had been served on the defendant. The said Woodruff did not answer. He had been excused on the previous day by the trial judge without the knowledge or consent of the defendant or his counsel, and in fact at a time when the court was not in session. In explanation of his action in excusing Woodruff the court stated: "This juror was a school teacher, now actively engaged in teaching school, and was excused by the court for this reason." The defendant objected to being required to strike from the venire without the presence of Woodruff. The trial court ruled adversely to defendant, who duly reserved an exception to such action. Defendant then moved that the cause be continued because of the absence of Woodruff. This motion was overruled and again the defendant reserved an exception. This shows that the question as to the legality of the court's action in excusing the juror Woodruff is properly presented to this court.

Teachers are exempt from jury duty while they are actually engaged in teaching unless they consent to serve. § 3, Title 30, Code 1940, as amended.

But the fact that a school teacher while actually engaged in teaching, may not be required to perform jury duty does not give the trial court the right in a capital case to excuse a teacher without the presence of the defendant and without the knowledge or consent of the defendant or his counsel. Dodd v. State, 241 Ala. 152, 1 So.2d 671, 672. In the Dodd case the trial court, without the knowledge or consent of the defendant or his counsel, excused a member of the National Guard who, like school teachers, cannot be required to perform jury duty. This court held that such action on the part of the trial court was reversible error, saying:

"In the case at bar the excuse should have been made and passed upon by the court as a part of the selection of the jury on the day of the arraignment of defendant or day of his trial and made known in his presence or in the presence of his attorney. In the absence of a waiver of the defendant to excuse the juror, he had the right of showing, if he so desired, that the exemption claimed did not exist. The action of the court in the instant case deprived him of this right and was contrary to his insistence made at the time of his trial."

To like effect are the decisions in the cases of Stinson v. State, 223 Ala. 327, 135 So.· 571, and Smallwood v. State, 235 Ala. 425, 179 So. 217.

We are constrained to hold that the trial court erred to a reversal in requiring the defendant to go to trial and strike from the venire served on him without the presence of Woodruff, inasmuch as the court was without authority to excuse Woodruff in the absence of defendant and without the knowledge and consent of defendant or his counsel.

No other questions need be considered.

Reversed and remanded.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.