63 So.2d 222

### LASSITER v. STATE.

3 Div. 939.

Court of Appeals of Alabama.

Feb. 3, 1953.

Robt. H. Jones and Robt. E. L. Key, Evergreen, for appellant.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen. and Robt. P. Bradley, Montgomery, of counsel, for the State.

. HARWOOD, Judge.

This appellant was indicted for murder in the first degree. His jury trial resulted in a verdict of guilty of murder in the second degree, and judgment of guilt was entered pursuant to the verdict. Appellant's motion for a new trial being overruled, appeal was perfected to this court.

Pursuant to orders entered by Honorable F. W. Hare, Judge of the Circuit Court of Conecuh County, Alabama, a copy of a special venire, consisting of 75 regular jurors and 12 special jurors was served upon the appellant as required in capital cases by Section 63, Title 30, Code of Alabama 1940.

Trial was had before Honorable Ralph L. Jones, as special judge.

On the day of trial, and upon qualification of the jury it appeared that five of the jurors were found to be absent. By due and timely objections and motions made separately and severally as to each absent juror the appellant objected to being put to trial in the absence of the jurors, moved for a continuance because of such absences, and objected to striking from the venire served upon him in the absence of the said jurors. The court ruled adversely to appellant in each instance and exceptions were duly reserved.

It clearly appears that these jurors were excused without the consent or knowledge of this appellant.

Two of the jurors had been excused by Judge Hare, upon presentation of doctor's certificates. It is not shown when these jurors were excused by Judge Hare, but necessarily it was prior to the trial date.

One of the jurors had been excused on the day previous to the trial by Judge Jones upon the juror's claiming to be exempt from jury duty by virtue of being over 65 years of age.

As to the remaining two absent jurors, the court stated that medical certificates were presented to the court on the day of trial, and they were excused by the court on that account.

 A defendant in a capital case has a right to have excuses from jury service heard and determined at the time of trial as a part thereof, so that he may know the facts on which the excuse is based, and if defendant desires, make showing that the excuse is not valid. This requirement in mandatory, and its denial compels reversal when properly presented. Stinson v. State, 223 Ala. 327, 135 So. 571; Roan v. State, 225 Ala. 428, 143 So. 454; Smallwood v. State, 235 Ala. 425, 179 So. 217; Dodd v. State, 30 Ala.App. 96, 1 So.2d 670, certiorari denied 241 Ala. 152, 1 So.2d 671; Waller v. State, 32 Ala.App. 586, 28 So.2d 815; Draper v. State, 250 Ala. 679, 36 So. 2d 73; Hall v. State, 250 Ala. 681, 36 So.2d 74.

Because of the rulings in the above instances, and additionally, the court's refusal of appellant's motion for a new trial asserting these rulings as grounds, this cause is ordered reversed.

Reversed and remanded.