278 So.2d 238

Oscar Lee **FOREMAN**, alias

v.

**STATE.**

5 Div. 103.

Court of Criminal Appeals of Alabama.

May 15, 1973.

Benjamin E. Pool, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

The appellant was convicted of murder in the first degree and sentenced to life imprisonment, from which judgment of the court he has appealed.

On the evening of January 14, 1972, the appellant was in the home of the deceased, Mrs. Mary Alice Holloway with whom he had been living off and on for several years. In the home were also eight children, the youngest four of whom belonged to the appellant and Mrs. Holloway and the oldest ones were her children by a former marriage. The deceased, Mrs. Holloway, had never secured a divorce from her first husband. The appellant at the time of the killing was employed in an industrial plant nearby and soon after finishing work in the afternoon of January 14, he and two women acquaintances had a drink or two in a cafe, after which he proceeded to the Holloway house with some whiskey and beer that he had bought. During the early part of the evening he and Mrs. Holloway spent some time drinking beer and whiskey and were shortly thereafter visited by K. C. Wallace who joined them in the drinking. When the drinks ran out the appellant, K. C. Wallace, and one of Mrs. Holloway's older boys went to an establishment known as Big Mama's where some more beer and whiskey was bought. They returned home and the appellant, Mrs. Holloway, and Wallace continued to drink. Later in the evening K. C. Wallace apparently went to sleep in his chair and was awakened during the occurrence between appellant and Mrs. Holloway in which he cut her with a knife several times, one or more of the wounds severing a small artery from which she bled profusely.

A toxicologist testifying for the state gave his opinion that death was caused from the bleeding resulting from the knife wounds in the chest and arm of the deceased. It appears that she was dead upon the arrival of the coroner and officers at her home, her body being located near a front doorway. It appears that just before the appellant cut the deceased, an argument arose over the proposed killing of a hog belonging to the deceased which was to be done on the next morning while the weather was cold.

There is not a great deal of conflict with regard to the fact that the argument arose quickly, that the deceased used some vulgar language towards the appellant, and told him to get his clothes and leave. One of the girls apparently got the clothes and he was either about to leave or had left and returned shortly when the cutting occurred. There is an absence of any testimony of any demonstration on the part of the deceased, or evidence tending to show that the appellant acted in self-defense in any part of the occurrence leading up to the killing and this is so even in the testimony of the appellant himself.

In the opinion of the court it is not necessary to go into details in this statement of the facts, although the witnesses were examined at length by the attorneys for both sides. We consider the above statement as substantially reflecting the evidence leading up to the unfortunate killing.

At the conclusion of the State's testimony the appellant moved to exclude, which motion was overruled by the court.

Murder in the first degree has been defined as the willful, deliberate, malicious, and premeditated killing of one human being by another. Cosby v. State, 269 Ala. 501, 114 So.2d 250. We think the evidence in this case is ample, if believed by the jury under the required rule, to support the conviction of appellant of murder in the first degree.

■ The appellant argues that the court was in error in the qualification of jurors to serve on this case. It appears that in the organization of a jury for a capital case the defendant has the right to be present when any excuses are presented to the court by the jurors seeking to be excused from jury duty. Title 30, Sections 63 and 64, Code of Alabama 1940, Recompiled 1958; Smallwood v. State, 235 Ala. 425, 179 So. 217; Crump v. State, 28 Ala. App. 103, 179 So. 392.

■ In the case at bar, however, as we understand the argument of appellant's counsel, he advances the proposition that he should not be required to make an objection to any action excusing a juror in the presence of the jury; that the jury should be excluded from the courtroom when such objection is made to the court.

We agree with the citation of authority, above quoted, and taken from the appellant's brief, but we know of no rule that requires the court to exclude the jury from the courtroom outside of the hearing of the proceedings in order that the appellant may object to any action of the court excusing a juror. The cases above cited involve situations where jurors were excluded without the appellant's knowledge which would, of course, be a violation of the statute and case law on the subject.

■ We further fail to see any reason for the court seeking the approval of counsel as to his action of excusing jurors. They have the right to make an objection and thereby protect the record as to error made by the court but the discretion lies with the court and not with counsel as to the excusing of jurors. We see no error of a reversible nature in the case at bar on this proposition relied on by appellant.

■ Further objection was made to the court allowing narrative testimony by a witness instead of requiring straight questions and answers in the procedure. This matter lies in the broad discretion of the court and we find no error in the action complained of.

■ Several photographs were introduced into evidence depicting the dead body of the deceased with the location of the wounds, and some showing the location of some of the furniture and the inside of the home. Admittedly, some of the pictures of the body were gruesome. However, in each instance the photograph admitted was properly authenticated and in our opinion the pictures were of some probative value and tended to shed some light on the case.

The mere fact of gruesomeness and the fact that they were repetitive both as to the scenes of the body and place of the homicide including some furniture in the house does not render the pictures inadmissible. Palmore v. State, 283 Ala. 501, 218 So.2d 830; Middleton v. State, 47 Ala.App. 130, 251 So.2d 627; Douglass v. State, 257 Ala. 269, 275, 58 So.2d 608 (picture of knife wounds); Boulden v. State, 278 Ala. 437, 179 So.2d 20.

We distinguish the facts in Grissett v. State, 241 Ala. 343, 2 So.2d 399 (cited by appellant in brief) from those in the case at bar and do not think the case is controlling here.

■ On the cross-examination of state's witness Patricia Ann Holloway by the attorney for the appellant the following occurred:

"Q. As a matter of fact, they did come back with more to drink, did they not?

"A. Yes, sir.

"Q. And they all three drank more, did they not?

"A. Yes, sir.

"Q. And as a matter of fact, your Mother and Oscar Lee Robinson were fussing, weren't they? Do they do that often, have fights often?

"MR. WRIGHT: We object to what they do often.

"THE COURT: Sustained."

The appellant contends that the court was in error in its ruling in this instance. It is familiar law that the fact of a prior difficulty between the parties may usually be shown as tending to establish motive or intent, although the details may not be gone into except to such extent as to show the gravity of the difficulty. Hutchinson v. State, 40 Ala.App. 404, 114 So.2d 412; Bryant v. State, 252 Ala. 153, 39 So.2d 657; Johnson v. State, 265 Ala. 360, 91 So.2d 476. Also see Alabama Digest, Homicide, ☞157(2) for difficulties between husbands and wives.

However, although evidence of a prior difficulty as part of a chain of events leading up to a killing is admissible when offered by the state, it can be offered and admitted by the defendant only after he has offered some evidence tending to show self-defense and only if the defendant was not the aggressor in the difficulty resulting in the killing.

In the case of Byrd v. State, 257 Ala. 100, 57 So.2d 388, the Supreme Court speaking through Justice Stakely said, "In Sanders v. State, 242 Ala. 532, 7 So.2d 483, it was pointed out that there is a difference with reference to proof of prior difficulties where the state seeks to introduce such evidence and a situation where the defendant seeks to introduce such evidence. When such evidence is offered by the state showing the conduct of the defendant on the former occasion, it is to illustrate his acts at the time of the fatal difficulty but when it is offered by the defendant it must

be subsequent to evidence tending to show self-defense. Such evidence when offered by the defendant is not admissible if he was the aggressor in the difficulty which then and there resulted in the killing. It was further pointed out that when proof of the former difficulty is admissible while details of the difficulty may not be shown, the rule does not exclude proof that the deceased drew a gun on the defendant, as this is not proof of too much detail.

" * * * There was no evidence of any hostile act or demonstration on the part of the deceased toward the defendant at the time of the shooting. The defendant was on the opposite side of the street from the deceased and under the evidence could have retreated without placing himself in any danger whatsoever. Turning toward the defendant, in view of the other undisputed facts was, without more, no evidence of a hostile act or demonstration which would justify the defendant in taking the life of the deceased. Jones v. State, 116 Ala. 468, 23 So. 135.

"We do not consider that there is such evidence of self-defense in the case at bar as to justify proof by the defendant of prior difficulties. DeArman v. State, 71 Ala. 351; * * *."

We think the case at bar is governed by this rule and not by the general rules heretofore set out. There was no error in the action of the court sustaining the question asked on cross-examination by the attorney for the appellant.

■ On direct examination of the appellant, he testified with regard to a shoulder injury which had kept him away from home on several nights. He was then asked the direct question if Mary Alice Holloway had anything to do with that. An objection was made by the district attorney and withdrawn immediately. However, the appellant answered that she was involved in it and was then asked, "What happened there." Objection of the district attorney was sustained by the court on the grounds that the details of a prior difficul-

ty could not be gone into. Under the authority above cited, there was no error in the court's action in sustaining the answer to the question.

After a search of the record for error as required in Title 15, Section 389, Code 1940, we are of the opinion that there was no error injurious to the rights of the appellant and this case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.