First degree murder; sentence: life imprisonment. *Page 437 
The appellant was indicted, tried and convicted for the February 8, 1975, slaying of Alfred Ford. There was overwhelming evidence presented from which the jury could find the appellant guilty of first degree murder. A recapitulation of the facts surrounding the murder is unnecessary. Suffice it to state that there was no evidence whatsoever that the appellant was insane on February 8, 1975.
 I
The appellant contends the trial court erred in excusing certain potential jurors from jury duty. The jurors were excused without the presence of the appellant and without the knowledge and consent of the appellant or his counsel. Prior to 1972, a defendant in a "capital case" had the right to have excuses from jury service heard and determined at trial.Lassiter v. State, 36 Ala. App. 695, 63 So.2d 222 (1953).
In 1972, it was held that the death penalty, as then imposed, constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726,33 L.Ed.2d 346 (1972). In Usrey v. State, 54 Ala. App. 448,309 So.2d 485, cert. denied, 293 Ala. 776, 309 So.2d 489 (1975), it was held that in light of Furman, excusals of jurors could be made outside the presence of a defendant who was charged with first degree murder, in that such an offense is no longer a "capital felony." Usrey held that the mandate of Lassiter was without force and effect.
The Supreme Court of Alabama subsequently stated in Ex parteHugh Otis Bynum, Jr., 294 Ala. 78, 312 So.2d 52 (1975) the following:
 ". . . The only effect of Furman was to eliminate the imposition of the death penalty as it was then enforced, and not to eliminate the classification whereby crimes are categorized as capital for purposes other than punishment."
The appellant cites Bynum and concludes that Lassiter continues to state the correct rule regarding the procedure for excusing jurors in a capital case and that Usrey should be overruled. We do not agree.
On the question of Bynum's effect on the selection of a special venire in a "capital case" this Court held in Fisher v.State, Ala. App., 328 So.2d 311, cert. denied, Ala.,328 So.2d 321 (1976) as follows:
 "Contrary to the broad language employed by the Supreme Court in Bynum, we are of the opinion that the Court was addressing itself solely to the question of bail. The purpose for a special venire in `capital cases' was to give a defendant, on trial for his life, an additional safeguard not given to those where only their liberty was at stake. At the time Act No. 532, supra, and Title 30, § 63, Code of Alabama 1940, were enacted, the only distinction between `capital' and `non-capital' cases was the possible imposition of the death penalty. Since the imposition of the death penalty has been suspended, there is no rational justification for a special venire in a case formerly classified as `capital' where the maximum punishment is now the same as in a `non-capital' case."
The policy behind the restrictions placed on the excusal of jurors in a "capital case" was the same policy that was behind the selection of a special venire in a "capital case." Therefore, despite Bynum's broad language, Usrey is dispositive of the appellant's contention. Lassiter is without force or effect.
From a review of the record, including testimony by the trial judge, we conclude there was no abuse of discretion in the excusal of certain jurors before the trial. Title 30, § 5, Code of Alabama 1940, Recompiled 1958.
 II
At arraignment, the appellant plead not guilty and not guilty by reason of insanity. The appellant was and is an indigent. He made a timely motion, before trial, for a psychiatric examination. The motion was denied by the trial court, and the appellant contends the denial was error. *Page 438 
Title 15, § 425, § 426 and § 428, Code of Alabama 1940, Recompiled 1958, provide somewhat related methods by which the trial court may have an investigation made into the sanity of a defendant, before his trial. Only when the evidence presents sufficient doubt as to a defendant's sanity is such an investigation mandatory. Wheeler v. State, 47 Ala. App. 457,256 So.2d 197 (1971); Edgerson v. State, 53 Ala. App. 581,302 So.2d 556 (1974).
The trial court ordered that the appellant be examined by two qualified psychologists employed by the Department of Mental Health. They found the appellant mentally competent to stand trial and competent to cooperate with his attorney in his defense. One of the psychologists stated that perhaps the appellant was suffering from a permanent disorder, compatible with being "just plain mean." There was no evidence indicating that the appellant was insane at the time of trial or on February 8, 1975. Mere assertions contained in the appellant's brief are not sufficient to bring this case within the purview of Edgerson, supra. Goulden v. State, 53 Ala. App. 276,299 So.2d 321 (1974).
The appellant also appears to contend that the fact he is indigent entitles him to a free psychiatric examination. He points out that a rich man would be able to hire a psychiatrist even if such a man had exhibited no signs of insanity. Our answer is that a rich man is free to waste his money as he sees fit, but equal protection does not require that the appellant be free to futilely waste the money of the Alabama taxpayers. See: Tillis v. State, 292 Ala. 521, 296 So.2d 892 (1974). If there was any reason to believe the appellant insane, then a psychiatric examination would not have been wasteful. There is no basis in the record for such a relief.
 III
The trial court in its oral charge to the jury stated that the appellant's special plea of not guilty by reason of insanity could not be considered. There was not a scintilla of evidence, "not even a tittle, glimmer or thread," tending to show that the appellant was insane when he murdered Alfred Ford. Where there is no evidence to establish a plea of insanity, it is not error for the trial court to take the issue of insanity from the jury. Miles v. State, 50 Ala. App. 70,277 So.2d 104, cert. denied, 291 Ala. 792, 277 So.2d 107 (1973);Brodka v. State, 53 Ala. App. 125, 298 So.2d 55 (1974).
 IV
The appellant made a written request for fifty-six charges to the jury. The trial court granted forty-two and denied fourteen. The refused written charges were affirmative in nature, incorrect statements of applicable law, argumentative under the evidence, or fully and substantially covered in the oral charge or in other requested charges given. The trial court committed no error in refusing the aforementioned fourteen charges. Barnett v. State, 52 Ala. App. 260,291 So.2d 353 (1974).
AFFIRMED.
TYSON, HARRIS and DeCARLO, JJ., concur.
CATES, P.J., not sitting.